■ In the Matter of AXELROD MANAGEMENT CO., INC., Respondent, v CONCILIATION AND APPEALS BOARD OF THE CITY OF NEW YORK, Appellant. — Judgment, Supreme Court, New York County (Stanley Ostrau, J.), entered April 16, 1982, which granted the petition and annulled the determination of the Conciliation and Appeals Board of the City of New York (CAB) as to the initial legal rent of a rent-stabilized apartment and remanded the matter to the CAB for a new determination, is reversed, on the law, without costs, and the determination of the CAB issued on February 21, 1981 reinstated and the petition dismissed. The CAB, in a proceeding to resolve a fair market rent appeal, is required to consider two criteria to determine whether the initial legally regulated rent exceeds the fair market rent for an apartment. These two criteria are: (1) a

special guideline order issued by the New York City Rent Guidelines Board; and (2) the rents of comparable apartments (Administrative Code of City of New York, § YY51-6.0.2, subd b; *Matter of Clarke Mgt. Corp. v Conciliation & Appeals Bd. of City of N. Y.*, 91 AD2d 517, affd for reasons stated in App Div Mem 58 NY2d 1108; *Matter of L & P Realty Co. v Conciliation & Appeals Bd. of City of N. Y.*, 91 AD2d 517; *Matter of Fresh Meadows Assoc. v New York City Conciliation & Appeals Bd.*, 92 Misc 2d 519, affd 63 AD2d 943). Despite repeated notices, the landlord failed to submit documentation requested concerning pertinent comparative rental data. As ruled in *Clarke* (*supra*), in view of the failure of petitioner to furnish necessary data the board did not act arbitrarily in determining the fair market rent solely on the basis of the special rent guidelines. The apartment in question was palpably a three-room apartment. The comparables submitted by the landlord were four-room apartments and the landlord refused to submit comparable data respecting three-room apartments. The board did not act arbitrarily in determining that the subject apartment was a three-room apartment, despite the fact that its total physical area in square footage was the same as the four-room apartments submitted by the landlord as comparables. It was not arbitrary or irrational to reject alleged comparables containing two bedrooms, in light of the fact that the subject apartment contained only one bedroom, apparently because of a different physical configuration than the alleged comparables. Nor was it arbitrary or irrational to require comparables as of June 30, 1974, rather than as of September 1, 1974, referred to by Special Term, or October 1, 1974, the date of initial occupancy by this tenant. It was appropriate for the board to use June 30, 1974 rents in its comparability study because rents on that date were considered truly "Free Market rents" negotiated during the period from 1971 to July, 1974, the period of vacancy decontrol. This was the procedure utilized by the board and approved in *Clarke Mgt. Corp.* (*supra*) and *L & P Realty Co.* (*supra*). We have examined the remaining contentions raised by the petitioner and find them to be without merit. Concur — Sandler, J. P., Carro, Fein, Kassal and Alexander, JJ.