In the Matter of 25 MONROE PLACE MANAGEMENT CO., INC., Respondent, v CONCILIATION AND APPEALS BOARD OF THE CITY OF NEW YORK, Appellant.

First Department, November 15, 1983

**APPEARANCES OF COUNSEL**

*Daniel King* for respondent.

*Mary Ellen Cronly* of counsel (*Ellis S. Franke,* attorney), for appellant.

**OPINION OF THE COURT**

ASCH, J.

The issue presented in this case is whether the board, based on the record before it, appropriately established the fair market rent for apartment 1C at 25 Monroe Place, the premises in question. Pursuant to applicable statutory and case law, the board, when presented with a tenant's fair market rent appeal, is required to consider two factors in

determining whether the initial legal regulated rent for the apartment exceeds the fair market rent. These two criteria are: (1) a special Rent Guidelines Board order; and (2) the rents of "comparable" apartments.

Under the board's procedures owners are required to submit rent rolls or leases in order to establish the June 30, 1974 rents for the lines of apartments in the subject building or in other buildings which the owner wishes used as comparables.

The board's threshold documentation requirements for comparable apartments have been repeatedly approved by the courts and are rationally based (e.g., *Matter of Clarke Mgt. Corp. v Conciliation & Appeals Bd.*, 58 NY2d 1108, affg 91 AD2d 517).

Where the owner fails to provide the required documentation for June 30, 1974 comparable rents, the board decides the fair market rent appeal based solely on the statutory criterion of the special Rent Guidelines Board order and without resort to comparable rents. The board's procedure in this regard has also been repeatedly approved by this court and the Court of Appeals (*Matter of Clarke Mgt. Corp. v Conciliation & Appeals Bd., supra; Matter of Axelrod Mgt. Co. v Conciliation & Appeals Bd.*, 95 AD2d 691).

Despite repeated notices and opportunities to do so, the owner herein failed to submit the documentation requested, containing pertinent rental data. Accordingly, the board did not act arbitrarily in determining the fair market rents solely on the basis of the special rent guidelines (*Century Operating Corp. v Prince*, 75 AD2d 536).

The board's rejection of the owner's proposed comparable apartment 1E at 60 Remsen Street, after the owner failed to submit the June 30, 1974 rental documentation for that line of apartments, as well as the subject line, was in accordance with the above holdings and was rationally based. The owner does not deny that both the subject apartment and proposed comparable apartment 1E at 60 Remsen Street have the same number of rooms and substantially similar layouts as the other apartments on their lines. Therefore, the board acted rationally in requiring

the owner to supply documentation for the other apartments in the lines.

The minor variation of this apartment from the other apartments on the line did not mandate a ruling that this apartment was unique nor excuse the failure of the owner to submit the data requested. Even different sized apartments are relevant to the board's comparability study (see *Greystone Mgt. Corp. v Conciliation & Appeals Bd.*, 94 AD2d 614). In that case this court said, with respect to the requirement that plaintiffs owners submit data on the rental history for an entire building, that "members of the RSA have committed themselves to maintain such records and rental histories in the form of prior leases, and to produce them on demand (see Code of Rent Stabilization Association of New York City, Inc., § 42, subd A). *Clearly the rental histories of other apartments in the same building have, at least, a prima facie relationship to the fair market rent value of a particular apartment.*" (*Greystone Mgt. Corp. v Conciliation & Appeals Bd., supra,* p 616; emphasis added.)

Nor should the owner have been excused from the board's requirement of documentation on the basis that the necessary documentation was allegedly not available. Under procedures of the board, owners have the burden of furnishing documentation demonstrating the data relating to the apartments the owners wish considered as comparable. The requirement that owners submit the comparability documentation is proper because the rent stabilization system does not provide for any centralized registration of rents but requires only that the owners themselves maintain a rental history of stabilized apartments in the form of prior leases. (See Code of Rent Stabilization Association of New York City, Inc., § 42, subd A.)

The owner had full opportunity to present arguments and evidence during the board proceeding, and it took full advantage of this opportunity and made various submissions by which it sought to advance its argument that the subject apartment and apartment 1E were unique. The board's staff fully reviewed the owner's submissions and considered the arguments presented by the owner.

The determination of the appellant board had warrant in the record, a reasonable basis in law and was neither arbitrary nor capricious and therefore should not have been disturbed (see *Greystone Mgt. Corp. v Conciliation & Appeals Bd., supra,* p 617). It is not the court but rather the administrative agency, which has the expertise and the experienced personnel, to whom the task of making the determination is assigned.

Accordingly, the judgment of the Supreme Court, New York County (RICHARD LANE, J.), entered October 6, 1982, which granted the petition to the extent of remanding the matter to the respondent-appellant for determination of the adjusted initial legal regulated rent of the subject apartment with a direction to the respondent requiring it to consider the proofs and comparable data submitted by petitioner, is reversed, on the law and facts, without costs, the application by petitioner is denied and the petition dismissed.

MURPHY, P. J., FEIN, MILONAS and KASSAL, JJ., concur.

Judgment, Supreme Court, New York County, entered on October 6, 1982, unanimously reversed, on the law and facts, without costs and without disbursements, the judgment vacated, the application by petitioner is denied and the petition dismissed.