■ In the Matter of JEMROCK REALTY Co., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [666 NYS2d 134] —Order, Supreme Court, New York County (Barry Cozier, J.), entered October 1, 1996, which denied petitioner landlord's application pursuant to CPLR article 78 to annul respondent's determination establishing the fair market initial stabilized rent for the subject apartment, and directed a refund to the tenant for past overpayment, unanimously affirmed, without costs.

Petitioner's claim that it was denied due process by respondent's failure to give it notice and opportunity to submit comparability data under amendments to the Rent Stabilization Law and Code that potentially increased the number of apartments that petitioner could have used in respondent's comparability study of the subject apartment was not made at the administrative level and therefore may not be considered for the first time upon judicial review (*see, Matter of Parcel 242 Realty v New York State Div. of Hous. & Community Renewal*, 215 AD2d 132, 134, *lv denied* 86 NY2d 706). In any event, the claim lacks merit, there being no requirement that respondent have notified petitioner of such amendments. Moreover, since the tenant's rent overcharge complaint, later converted to a fair market rent appeal, was filed in November 1983, respondent's order determining the initial legal regulated rent was properly based on the law and code provisions in effect prior to April 1, 1984 (Rent Stabilization Code [9 NYCRR] § 2521.1 [d] [1]; *Matter of 319 E. 50th St. Assocs. v New York State Div. of Hous. & Community Renewal*, 198 AD2d 28). We have considered petitioner's other contentions and find them to be without

merit. Concur—Murphy, P. J., Sullivan, Rubin, Tom and Mazzarelli, JJ.