■ CHERYL BUSBEE, Appellant, v KEN-ROB COMPANY et al., Respondents. [720 NYS2d 785] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about April 15, 1998, which, in an action by a tenant against her landlord to enforce a Division of Housing and Community Renewal (DHCR) fair market rent appeal directing a refund of excess rent, upon the parties' respective motions for summary judgment, insofar as appealed from, awarded the tenant prejudgment interest on the principal amount of the refund (such principal having been paid) from March 15, 1995 to May 8, 1996, and dismissed the tenant's causes of action for damages and attorneys' fees under General Business Law § 349 (h) and for attorneys' fees under Real Property Law § 234, unanimously modified, on the law, to award the tenant interest for each of the ten overcharge periods determined by the DHCR computed from the midpoint of such period to May 8, 1996 at the rate of 9% per year, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Tenant is entitled, under CPLR 5001 (a), to recover prejudgment interest on the refund of the excess rent that was

awarded to her in her fair market rent appeal (*see*, *Paganuzzi v Primrose Mgt. Co.*, 268 AD2d 213), computed from the midpoint of the period during which she paid such excess rent (*see*, CPLR 5001 [b]) to the date the landlord paid her the principal amount of the refund. However, the motion court correctly held that tenant is not entitled to recover her attorneys' fees in this action under Real Property Law § 234, since her lease would not entitle the landlord to recover attorneys' fees in an action similarly seeking only to recover damages for breach of the lease. The tenant's cause of action under General Business Law § 349 (h) and the corresponding request for attorneys' fees were properly dismissed as barred by the applicable Statute of Limitations. This cause of action has a three-year limitations period as an action to recover upon a liability created by statute (CPLR 214 [2]; *Avdon Capitol Corp. v Nationwide Mut. Fire Ins. Co.*, 240 AD2d 353; *see*, *Gaidon v Guardian Life Ins. Co.*, 94 NY2d 330, 343). Whether measured from the inception of the lease in 1979 or the execution of a lease in plaintiff's own name, the deceptive practices of defendant were completed more than three years prior to the commencement of this action, so any cause of action based thereupon is barred. Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.