■ In the Matter of 14 L. PIERRE ASSOCIATES, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and ALASTAIR FINLAY, Intervenor-Respondent. [724 NYS2d 601] —Judgment, Supreme Court, New York County (Joan Madden, J.), entered April 10, 2000, which denied petitioner landlord's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination fixing respondent tenant's initial legal stabilized rent, dismissed the petition, and awarded the tenant damages in the amount of the resulting overcharges, with prejudgment interest from the date of each overpayment, and, order, same court and Justice, entered October 19, 2000, which, insofar as appealable, denied petitioner's motion for renewal, unanimously affirmed, without costs.

Petitioner's argument on renewal that, contrary to the pre-determination change in law effected by Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (a), it was improperly denied an opportunity to submit comparability data with respect to apartments whose rents were no longer subject to challenge under that provision, was not raised in the administrative proceeding, and thus may not be considered by the courts (see, Matter of Jemrock Realty Co. v New York State Div. of Hous. & Community Renewal, 245 AD2d 92). DHCR was not required to inform petitioner of changes in the

law and its procedures (*id.*). The tenant was properly awarded prejudgment interest on his rent overpayments from the date of each overpayment (CPLR 5001 [a], [b]; *cf.*, *Busbee v Ken-Rob Co.*, 280 AD2d 406). Concur—Lerner, J. P., Saxe, Buckley, Friedman and Marlow, JJ.