■ KAREN KAMINSKY et al., Appellants, v MAUTNER-GLICK CORPORATION et al., Respondents. KAREN KAMINSKY et al., Respondents, v MAUTNER-GLICK CORPORATION et al., Appellants. [747 NYS2d 231] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about May 8, 2001,

which, in an action by plaintiff tenants against defendant landlords to recover interest on a fair market rent appeal award, and attorneys' fees incurred in prosecuting this action, dismissed the complaint upon the parties' respective motions for summary judgment, and order, same court and Justice, entered December 28, 2001, which, insofar as appealed from, denied the landlords' motion for summary judgment on their counterclaim to recover attorneys' fees incurred in defending this action, unanimously affirmed, without costs.

In a fair market rent appeal, the tenants were awarded a refund of excess rent in a November 1998 PAR order that slightly modified a 1992 Rent Administrator order. Since the tenants had vacated the apartment, the PAR order gave the landlords 60 days to pay the award, failing which the tenants could bring a court action to enforce the award. Subsequent to the PAR order, there were no communications between the parties until August 2000, when the tenants' attorney contacted the landlords and demanded payment of the award, as well as statutory interest at least from the 1992 Rent Administrator's order if not from the time that the landlords first began collecting excess rent. The landlords paid the award but rejected the demand for interest, whereupon the tenants commenced the instant action. Since the tenants were not compelled to commence an action to enforce the award, they are not entitled to attorneys' fees or interest, and the action was properly dismissed (*see* Rent Stabilization Code [9 NYCRR] § 2526.1 [d], [g]; § 2522.3; *Chechak v Hakim*, 269 AD2d 333). Nor are the landlords entitled to attorneys' fees under a lease that allows them such only for actions they bring against the tenants because of a lease default or brought against them because of the tenants' actions. Concur—Williams, P.J., Mazzarelli, Sullivan, Rosenberger and Gonzalez, JJ.