■ In the Matter of Lloyd Goldman et al., Appellants, v New York State Division of Housing and Community Renewal, Respondent. [774 NYS2d 151]—

Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered October 26, 2000, which denied petitioner landlord's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination fixing the fair market rent of the subject apartment, and dismissed the petition, unanimously affirmed, without costs.

The determination is rationally supported by the rent history of other apartments in the subject building that are in the same line and otherwise comparable to the subject apartment. The rental history of apartments in different lines was rationally rejected on the basis of DHCR records showing that such apartments consist of three rooms, not two as in the case of the subject apartment (*see Matter of Axelrod Mgt. Co. v Conciliation & Appeals Bd. of City of N.Y.*, 95 AD2d 691 [1983]). No due process issues are raised by the fact that DHCR did not give petitioner notice that it would be relying on its own records and not making any inspections (*cf. Matter of Franco v State of N.Y. Div. of Hous. & Community Renewal*, 251 AD2d 140 [1998], *lv denied* 92 NY2d 818 [1999]). In any event, even if the subject apartment were three rooms, petitioner fails to show (*see Matter of Ullman Estates v New York City Conciliation & Appeals Bd.*, 97 AD2d 296 [1983], *affd* 62 NY2d 758 [1984]) that its other characteristics, including, in particular, square footage, are comparable to that of the three-room apartments in different lines (*cf. Matter of Parcel 242 Realty v New York State Div. of Hous. & Community Renewal*, 215 AD2d 132, 134 [1995], *lv denied* 86 NY2d 706 [1995]). DHCR also rationally rejected petitioner's appraisal report listing as comparables apartments that are not in the same area as the subject apartment (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-513 [b] [1]). We have considered and rejected petitioner's other arguments. Concur—Tom, J.P., Saxe, Ellerin, Lerner and Gonzalez, JJ.