■ In the Matter of M & E RUBIN, LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [812 NYS2d 128]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated May 19, 2004, which, inter alia, granted the petition for administrative review of the respondents William Eisner and Janis Eisner, the tenants of the subject

rent-stabilized apartment, and modified an order of the rent administrator dated November 6, 2003, the petitioner appeals from a judgment of the Supreme Court, Queens County (Satterfield, J.), dated October 26, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs to the respondent New York State Division of Housing and Community Renewal.

In reviewing a determination following a fair market rent appeal, the Supreme Court properly found that the determination of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) had a rational basis. Contrary to the owner's contention, the layout of the subject apartment differed from the layout of the apartment within the same building that it submitted for consideration as a comparable housing accommodation (*see Matter of Goldman v New York State Div. of Hous. & Community Renewal,* 6 AD3d 197 [2004]; *Matter of I.G. Second Generation Partners v New York State Div. of Hous. & Community Renewal,* 284 AD2d 149, 149-150 [2001]; *Matter of Parcel 242 Realty v New York State Div. of Hous. & Community Renewal,* 215 AD2d 132, 134 [1995]). Also, in making its fair market rent determination, the DHCR properly utilized the market rent of a nearby comparable housing accommodation rather than the legal regulated rent. Although the DHCR must use the legal regulated rent of a proposed comparable housing accommodation subject to regulation (*see* 9 NYCRR 2522.3 [e] [1]), the proposed comparable housing accommodation at issue here had become unregulated pursuant to 9 NYCRR 2531.2. Therefore, pursuant to 9 NYCRR 2522.3 (e) (2), the DHCR was required to use the market rent. The owner does not claim, moreover, that the rent paid by the tenant in that proposed comparable housing accommodation was anything other than market rent. Accordingly, the DHCR's determination was not arbitrary and capricious, and, as a result, was properly sustained (*see Matter of Gilman v New York State Div. of Hous. & Community Renewal,* 99 NY2d 144, 149 [2002]; *see also* CPLR 7803 [3]). Crane, J.P., Santucci, Spolzino and Dillon, JJ., concur.