■ In the Matter of DENNIS M. ELLISON et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and LIGHTHOUSE PROPERTIES, Intervenor-Respondent. [823 NYS2d 125]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered October 15, 2004, which, to the extent appealed from as limited by the brief, awarded petitioners interest from December 13, 2000, and denied their request for attorneys' fees, unanimously modified, on the law, interest awarded from May 19, 1995, and otherwise affirmed, without costs.

When a tenant is forced to commence a plenary action to enforce a fair market rent appeal (FMRA) award, the courts have formulated rules to assure the tenant is made whole by receiving interest from the date of the Rent Administrator's order (*Chechak v Hakim*, 269 AD2d 333 [2000]), plus attorneys' fees where so provided for in the lease. Here, where the Deputy Commissioner's order of December 13, 2000 "modified" the earlier order of the Rent Administrator of May 19, 1995, interest should accrue from the date of the Rent Administrator's order. While respondent argues that petitioners changed their theory of the case at a late date from overcharge to FMRA, and that it was not until the December 13, 2000 order that the Division of Housing and Community Renewal (DHCR) agreed to treat the case as an FMRA, it would be inequitable to punish petitioners for DHCR's failure to accept their position that the case should have been converted to an FMRA sooner. In this regard, the December 13, 2000 order noted that "the original complaint filed by the tenants herein was, in essence, questioning the Fair Market Rent, as the complaint mentioned that the rent of the prior tenant . . . was 'significantly inflated' upon decontrol," and DHCR, in an order of November 24, 1992, had rejected petitioners' first attempt to convert their complaint into an FMRA. The award of interest from May 19, 1995 also comports with notions of fairness because the owner has had the use of petitioner's money.

On the record before us, petitioners were not entitled to recover attorneys' fees under Real Property Law § 234 because they failed to establish that the lease would entitle the landlord to recover attorneys' fees in an action similarly seeking to recover damages for breach of the lease (*see Busbee v Ken-Rob Co.*, 280 AD2d 406 [2001], *lv denied* 97 NY2d 605 [2001]). Concur—Buckley, P.J., Tom, Marlow, Nardelli and Williams, JJ.