WILLIAM EISNER et al., Appellants, v M & E RUBIN, LLC, et al., Respondents. [985 NYS2d 692]—

In an action, inter alia, to recover prejudgment interest on an award rendered by the New York State Division of Housing and Community Renewal against the defendants in an administrative rent overcharge proceeding pursuant to the Rent Stabilization Code (9 NYCRR parts 2520-2531), the plaintiffs appeal from an order of the Supreme Court, Queens County (Butler, J.), entered August 30, 2012, which denied their motion for summary judgment on the issue of liability on the cause of action to recover prejudgment interest on the award for the period commencing on February 1, 1999, and ending on August 11, 2007, and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In a fair market rent appeal (9 NYCRR 2522.3 [hereinafter FMRA]), the plaintiff tenants were awarded a refund of excess rent against the defendants (hereafter the FMRA award) in an order of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) dated May 19, 2004, which granted the plaintiffs' petition for administrative review modifying an order of the District Rent Administrator dated November 6, 2003. The defendant M & E Rubin, LLC, commenced a proceeding pursuant to CPLR article 78 to review the FMRA award. In a judgment dated October 24, 2004, the Supreme Court denied the petition and dismissed the CPLR

article 78 proceeding. In a decision and order dated March 21, 2006, this Court affirmed the judgment (*see Matter of M & E Rubin, LLC v New York State Div. of Hous. & Community Renewal*, 27 AD3d 650 [2006]).

The plaintiffs thereafter commenced this action seeking, among other things, an award of prejudgment interest against the defendants on the FMRA award, commencing on the first date of their tenancy, February 1, 1999, and ending on August 11, 2007, as well as the payment of the outstanding principal balance of the award.

"A tenant compelled to bring a plenary action to enforce a fair market rent appeal order is entitled to . . . prejudgment interest under CPLR 5001 (a) computed from the date of the Rent Administrator's order (*Paganuzzi v Primrose Mgt. Co.*, 268 AD2d 213 [2000])" (*Chechak v Hakim*, 269 AD2d 333, 333 [2000]; *see Matter of Ellison v New York State Div. of Hous. & Community Renewal*, 33 AD3d 457, 458 [2006]). However, where a tenant is not otherwise compelled to commence an action to enforce a fair market rent appeal award, the tenant is not entitled to recover interest on the award (*see Kaminsky v Mautner-Glick Corp.*, 298 AD2d 104 [2002]). Prior to the commencement of this action, the plaintiffs exercised their right under the relevant provision of the Rent Stabilization Code (*see* 9 NYCRR 2522.3 [d] [1]) to withhold payment of rent until the principal balance of the FMRA award was fully credited to their account. The FMRA award was fully credited to the plaintiffs' account by June 2007, after which the plaintiffs resumed paying rent. Thus, contrary to the plaintiffs' allegations, there was no principal balance of the FMRA award due and owing to them. Under these circumstances, the plaintiffs were not compelled to commence this action to enforce their FMRA award. Thus, the plaintiffs are not entitled to the relief they sought in the complaint, including the alleged principal balance, prejudgment interest, or an award of an attorney's fee.

Accordingly, the Supreme Court correctly denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action to recover prejudgment interest on the FMRA award for the period commencing on February 1, 1999, and ending on August 11, 2007, and correctly granted the defendants' cross motion for summary judgment dismissing the complaint.

The plaintiffs improperly raise for the first time on appeal their contention that the FMRA award established, as a matter of law, that the defendants breached the subject lease, and that the plaintiffs are therefore entitled to prejudgment interest on that basis under CPLR 5001 (a) (*see Opalinski v City of New*

*York*, 110 AD3d 694 [2013]). Eng, P.J., Miller, Hinds-Radix and Maltese, JJ., concur.