In the Matter of JOSEPH L. CARBONARO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 1983

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice by the Appellate Division, First Department, on March 11, 1974.

On August 13, 1982, respondent was convicted in the United States District Court, Southern District of Florida, upon a plea of guilty, of the crime of conspiracy to possess with intent to distribute cocaine (US Code, tit 21, § 846), a Federal felony. This is a criminal offense which if committed within this State would constitute a felony under New York law (Penal Law, § 105.10, conspiracy in the second degree, a class E felony).

A conviction under section 846 of title 21 of the United States Code requires that there be (a) an agreement by two or more persons to combine efforts for an illegal purpose (*United States v Houde,* 596 F2d 696, 702); and (b) an intent to agree to commit the substantive offense (*United States v Tyler,* 505 F2d 1329, 1332). These are the same essential elements required for a conviction under article 105 of the Penal Law (*People v Schwimmer,* 66 AD2d 91, affd 47 NY2d 1004).

In New York, the factor which determines the specific degree of conspiracy a conviction falls within is the substantive offense which is the object of that conspiracy. In the instant case the substantive offense is title 21 (§ 841, subd [a], par [1]) of the United States Code which provides in pertinent part: "it shall be unlawful for any person knowingly and intentionally — (1) to * * * possess with intent to * * * distribute, or dispense, a controlled substance". The controlled substance involved herein is cocaine, as defined by section 812 of title 21 of the United States Code and section 3306 (schedule II, subd [a], par [4]) of the New York Public Health Law, and falls within the definition of a "narcotic drug" pursuant to section 220.00 of the Penal Law. Thus, the cognizable New York substantive offense is section 220.16 of the Penal Law, a class B felony, which provides in pertinent part: "A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses: 1. A narcotic drug with intent to sell it".

By reason of the fact that the substantive offense, alleged under Federal law, is equivalent to a B felony in New York, respondent's Federal conspiracy conviction is equivalent to a conviction under section 105.10 of the Penal Law, a class E felony. As such, respondent has been automatically disbarred pursuant to section 90 (subd 4, par a) of the Judiciary Law.

Accordingly, the motion by petitioner Departmental Disciplinary Committee should be granted and respondent's name stricken from the roll of attorneys and counselors at law.

KUPFERMAN, J. P., SANDLER, ASCH, SILVERMAN and ALEXANDER, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.