OPINION OF THE COURT
Per Curiam.
Order entered March 26, 1993 modified by granting petitioner’s cross motion to the extent of dismissing the second counterclaim for treble damages, thereby reducing tenants’ recovery for rent overcharges to the sum of $12,499.55; as modified, order affirmed, without costs.
Tenants commenced occupancy of the stabilized apartment premises in May 1991 pursuant to a lease which provided for a monthly rental of $1,700. In a rider to the lease, tenants acknowledged that the premises was a "newly created unit” based upon a "major substantial alteration”, entitling petitioner to charge a "market rent”. Apart from the replacement of certain kitchen and bathroom fixtures, the "substantial alteration” referred to consisted of an enlargement of the apartment’s outer walls by the inclusion of a closet that had previously formed part of the adjacent apartment, so as to increase the size of tenants’ own apartment by 27 square feet.
At or about the time of expiration of the initial one-year term, tenants learned that the last legal registered rent was $782.27, and began withholding the lease rent. In these ensuing nonpayment proceedings, tenants were granted summary judgment for rent overcharges and treble damages, based upon the prior registered rent, in the total sum of $38,527.78.
*768 Unless there has been a major capital improvement, an owner is entitled only to a monthly rent increase equal to l/40th of installation costs where there has been a "substantial increase * * * of dwelling space or an increase in the services, or installation of new equipment or improvements, or new furniture or furnishings, provided in or to the * * * housing accommodation” (Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [1]; see also, Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [4]). Thus, this is the statutory remedy to which petitioner was entitled for the modest addition of dwelling space, not a rent increase of over 100% for what it characterized as a "newly created unit”. While there is Division of Housing and Community Renewal (DHCR) authority, decided under the former Code of the Rent Stabilization Association of New York City, Inc., permitting an owner to obtain a new "first rent” where a dwelling unit has been substantially altered (see, e.g., Hutton v Riversfield Realty Mgt., docket No. T/A-011870), we decline to apply those administrative opinions to the facts of this case. It is manifest that what occurred here was not the creation of a new apartment unit, but an enlargement of an existing apartment which did not require rehabilitation or extensive reconfiguration.
Petitioner therefore collected a rent overcharge to the extent it collected a market rent in excess of $782.27, the last registered rent as reflected in the April 1991 DHCR rent registration statement. An owner is precluded from collecting rent in excess of the legal regulated rent in effect on the date of the last preceding registration statement (Rent Stabilization Law of 1969 [Administrative Code of City of NY § 26-517 (e)]). The May 1992 "initial apartment registration”, reflecting a registered rent of $1,700, cannot be accorded any legal force or effect, given our conclusion that there was no major rehabilitation or construction of a new dwelling unit.
On the issue of treble damages, we disagree with Civil Court’s finding that petitioner failed to rebut the presumption of willfulness (Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [1]). Petitioner could justifiably rely upon published opinions and precedents of DHCR, particularly Hutton v Riversfield Realty Mgt. (supra), which sanctioned a "first rent” based upon closely analogous renovations involving the addition of space by removal of a bedroom closet. Under such circumstances, it cannot be said that there was an intentional overcharge or that petitioner had reason to know its actions were not authorized (Matter of Nagobich v New York State *769 Div. of Hous. & Community Renewal, 200 AD2d 388). The second counterclaim seeking treble damages is therefore stricken.
Finally, while the issue is not treated by the parties, we leave undisturbed so much of the order below as directed a hearing to determine the amount of attorney’s fees to be awarded to the tenants. The central relief sought in this proceeding was a judgment of eviction based upon a $1,700 monthly rental. Tenants withheld their rent as a consequence of petitioner’s excessive rent demand, precipitating the commencement of nonpayment proceedings. Since tenants have prevailed on the essential issue litigated, i.e., the amount of the legal rent, they are entitled to recover their reasonable attorney’s fees incurred in their successful defense under Real Property Law § 234.
Parness, J. P., McCooe and Glen, JJ., concur.