■ In the Matter of I.G. SECOND GENERATION PARTNERS, L.P., et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [725 NYS2d 550] —Order and judgment (one paper), Supreme Court, New York County (Franklin Weissberg, J.), entered October 29, 1999, which denied and dismissed the petition brought pursuant to CPLR article 78 to annul the determination of respondent, dated November 3, 1998, denying petitioner's Petition for Administrative Review and affirming the amended order of the Rent Administrator dated November 18, 1994, *inter alia*, granting the tenant's Fair Market Rent Appeal, establishing the initial stabilized rent for the subject apartment at $1,658.23 as of July 1, 1986, and awarding the tenant $11,072.88 in overcharges from July 1, 1986 until she vacated in 1988, unanimously affirmed, without costs.

The Commissioner's order had a rational basis and was not arbitrary and capricious, and, accordingly, may not be judicially disturbed (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231; *Greystone Mgt. Corp. v Conciliation & Appeals Bd.*, 94 AD2d 614, 617, *affd* 62 NY2d 763).

Contrary to petitioners' contention, the tenant's Fair Market Rent Appeal was not untimely. The tenant's time to challenge the initial rent did not begin to run because the notices required of petitioner landlords to trigger the running of the applicable 90-day limitations period, even if properly served upon the tenant, were defective (*see, Matter of E.G.A. Assocs. v New York State Div. of Hous. & Community Renewal*, 232 AD2d 302).

Although petitioners contend that they were entitled to a first rent with respect to the subject apartment, the Commissioner properly found that the glass enclosure adjacent to the apartment bedroom on the roof terrace already allocated to the subject apartment did not constitute such a substantial alteration as to entitle the landlord to a first rent (*see, e.g., Roker Realty Corp. v Gross*, 163 Misc 2d 766).

Respondent, in determining the fair market rental of the subject apartment, properly declined to utilize the evidence of purportedly comparable apartments offered by petitioners since there was a rational basis for respondent's determination that the apartments cited as comparable by petitioners were not in fact comparable (*see, Matter of Axelrod Mgt. Co. v Conciliation & Appeals Bd.*, 95 AD2d 691).

We have considered petitioner's remaining arguments and find them unavailing. There is nothing to warrant a remand. Concur—Tom, J. P., Andrias, Ellerin, Wallach and Friedman, JJ.