■ In the Matter of Ercida Fernandez, Respondent, v New York State Division of Housing and Community Renewal et al., Appellants. [771 NYS2d 85]—

Judgment, Supreme Court, New York County (Debra James, J.), entered August 5, 2002, which granted the petition and annulled respondent's determination, dated January 9, 2002, that respondent 557 West 148th Realty, LLC was entitled to charge petitioner a free market or "first rent" of $750 per month, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

Petitioner was a 20-year resident of apartment 55 at 557 West 148th Street in Manhattan, a 1,000-square-foot, four-bedroom apartment with a monthly rent of $432.31, when an extensive fire rendered the entire building uninhabitable and all the tenants were forced to vacate their apartments. Two years later, petitioner was permitted to move back into the extensively renovated and restored building, now into apartment 5C, a 500-square-foot, two-bedroom apartment, at a "preferential rent" of $750 per month.

Respondent Division of Housing and Community Renewal (DHCR) denied petitioner's rent overcharge complaint, but found that the $750 initially charged is the first rent, not a preferential rent, and held that where an owner substantially alters an apartment to the extent that it was not in existence in its new state on the base date, the owner is permitted to collect a free market or "first rent" from the first tenant to take occupancy after the completed alteration. In the instant case it found that "the evidence of record including architectural diagrams and a Certificate of Occupancy disclosed that the subject premises was completely renovated after the fire with two apartments being added to each floor. The record further reflects that the subject apartment was reconfigured and reduced in size and was no longer the same apartment as existed on the base rent date prior to the fire."

In granting the petition and annulling respondent's determination, the IAS court improperly found that such determination was arbitrary and capricious. Specifically, the IAS court substituted its own reasoning for that of the agency in questioning whether, as the language of DHCR Operational Bulletin 95-2 provided only that DHCR "may find" that an apartment was not previously in existence so as to allow for a first rent, it would have been more rational for DHCR to decline to make such finding.

The issue is not whether DHCR could have rationally reached

another result, but whether the result reached by DHCR was rational. Where the agency determination is rational, the court's function is exhausted, regardless of whether the court would have found differently (*see Matter of Plaza Mgt. Co. v City Rent Agency*, 48 AD2d 129, 131 [1975], *affd* 37 NY2d 837 [1975]). Here, the extent of the perimeter alterations of the apartment resulted in a reasonable and rational determination by respondent that this was a "first rent" situation.

Unlike *Capone v Weaver* (6 NY2d 307 [1959]) and *Eyedent v Vickers Mgt.* (150 AD2d 202 [1989]), which are relied upon by petitioner and are distinguishable on their facts, there is no evidence that the owner attempted to perpetrate a fraud. Instead, the apartment had ceased to exist due to a fire which gutted the entire building. The new owner rebuilt the entire interior of the building, making significant dimensional changes to all the apartments. Petitioner was provided with a new apartment with a first rent based upon a preferential rate which was less than would have been permitted if calculated as a renovation. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Marlow, JJ. [*See* 193 Misc 2d 511.]