OPINION OF THE COURT
Per Curiam.
Order, dated January 23, 2009, modified, tenant’s cross motion denied, petition reinstated, the rent overcharge award vacated, and partial summary judgment granted to landlord on its claim of entitlement to a “first rent”; as modified, order affirmed with $10 costs to landlord, and the matter remanded to Civil Court for further proceedings consistent herewith, including determination of the amount of arrears due landlord at the “first rent” of $1,400 per month for the period commencing April 1, 2008.
Tenant commenced occupancy of the apartment at issue in 1994 pursuant to a written lease providing for a deregulated rent of $1,400 per month. At the time, landlord believed the apartment was exempt from rent stabilization pursuant to the Rent Stabilization Code’s “substantial rehabilitation” exemption (see Rent Stabilization Code [9 NYCRR] § 2520.11 [e]). In a prior proceeding, Civil Court (Douglas E. Hoffman, J.) determined that landlord failed to establish that its renovations qualified for the “substantial rehabilitation” exemption, but determined that landlord was otherwise entitled to charge a “first rent” of $1,400 per month for the premises because the apartment at issue was converted in 1989 from a single-floor unit into a duplex. However, on appeal we held that landlord was precluded from establishing a “first rent” of $1,400 per *73 month because there was an outstanding (September 1988) Division of Housing and Community Renewal (DHCR) order “imposing a finding of harassment and civil penalties” that froze tenant’s rent at $138.36 per month (446 Realty Co. v Higbie, 196 Misc 2d 109, 110 [2003]).
In February 2008, DHCR revoked the finding of harassment and “prospectively eliminated” all sanctions. Based upon this revocation, landlord commenced the underlying nonpayment summary proceeding against tenant seeking a “first rent” of $1,400 per month based upon the 1989 reconfiguration of the apartment. On the parties’ competing motions for summary judgment, Civil Court dismissed the petition and awarded tenant a money judgment for a rent overcharge, holding that (1) the 1988 harassment order precluded the establishment of a first rent; and (2) upon DHCR’s revocation of the harassment order, landlord could only collect a prospective increase based upon the $138.36 monthly rent. We disagree and modify the order.
Landlord established, prima facie, that in 1989 it made significant dimensional changes to a single-floor apartment to create a new (duplex) apartment prior to tenant’s occupancy (see Matter of Devlin v New York State Div. of Hous. & Community Renewal, 309 AD2d 191, 195 [2003], lv denied 2 NY3d 705 [2004]; see also Matter of Fernandez v New York State Div. of Hous. & Community Renewal, 3 AD3d 366 [2004]), thus entitling landlord to charge a free market or “first rent” (see Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d 250, 251 [1995]; DHCR Operational Bulletin 95-2). Moreover, although the renovations occurred when the rent was frozen at $138.36 per month by the harassment order, once DHCR revoked this order and prospectively eliminated all sanctions, landlord could charge and collect a first rent (cf. Matter of Meko Holding v Joy, 107 AD2d 278 [1985], appeal dismissed 65 NY2d 923 [1985]), as well as prospective rent increases (Rent Stabilization Code [9 NYCRR] § 2526.2 [d]). In opposition to landlord’s prima facie showing of entitlement to judgment as a matter of law on its claim for a “first rent,” tenant failed to raise a triable issue.
Tenant’s reliance upon the four-year rule (see CPLR 213-a; Rent Stabilization Code [9 NYCRR] § 2526.1) to preclude consideration of the 1989 renovations is unavailing. Landlord was under a continuing duty to refrain from increasing the rent until the finding of harassment was removed (see Matter of Cin *74 tron v Calogero, 15 NY3d 347 [2010]). Thus, DHCR’s revocation of the 19-year-old harassment order in 2008 does not “implicate the legislative concerns underlying the four-year statute of limitations” (Matter of 72A Realty Assoc. v State of N.Y. Div. of Hous. & Community Renewal, 298 AD2d 276, 276 [2002], lv denied 100 NY2d 502 [2003]; see Matter of Cintron, supra).
Inasmuch as the rent reserved in tenant’s initial 1994 lease, entered into after the apartment reconfiguration, was $1,400 per month, we remand for a calculation of rent arrears owed to landlord based upon this rent, and for the entry of an appropriate judgment.
We have considered and rejected tenant’s remaining argument.
McKeon, EJ., Schoenfeld and Shulman, JJ., concur.