(October 29, 2013)

■ In the Matter of KELLEY S. BOYD, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [973 NYS2d 609]—

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered May 18, 2012, insofar as appealed from as limited by the briefs, denying the petition and dismissing the proceeding brought pursuant to CPLR article 78 to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), issued July 19, 2011, which denied petitioner's petition for administrative review (PAR) of the denial of her rent overcharge complaint, reversed, on the law, without costs, the judgment vacated, and the matter remanded to DHCR for further proceedings consistent herewith.

Although petitioner filed her overcharge complaint more than four years after the building owner registered the monthly rent, she contends that DHCR should not have accepted $1,750 as the registered monthly rent on the base date, April 7, 2005, because there are substantial indicia of fraud.

The owner increased the registered monthly rent from $572 in July 2004, when a long time tenant vacated the apartment, to $1,750 in October 2004. More than 90% of the increase reflects an adjustment for "individual apartment improvements" (IAIs) under the Rent Stabilization Law of 1969 (Administrative Code of City of NY § 26-501 *et seq.*) and the Rent Stabilization Code (9 NYCRR 2520.1 *et seq.*). To justify that adjustment, the owner would have had to spend about $39,000 to renovate the apartment in 2004. Petitioner, who moved into the apartment in 2007, is currently paying rent of over $2,000 a month.

In a letter to DHCR, petitioner set forth a specific and detailed description of the apartment in 2007, alleging that, based on its condition when she moved in, the owner could not have spent $39,000 for improvements to the building, which was constructed in 1932. Among other things, petitioner stated that the hardwood floors, bathtub, doors, and fixtures are original to the

apartment, and that the kitchen had been updated with low-quality appliances which she estimated cost less than $1,000. She described the kitchen as having "very inexpensive Home Depot cabinets," slat floors, and a used or recycled sink that did not fit in the cutout in the wall. The owner has never submitted any evidence rebutting petitioner's claim that the IAIs were minimal and cost far less than claimed.

Under the standard set forth in *Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.* (15 NY3d 358 [2010]), petitioner made a sufficient showing of fraud to require DHCR to investigate the legality of the base date rent (*see also Bogatin v Windermere Owners LLC*, 98 AD3d 896 [1st Dept 2012]). Although the "look-back" for an apartment's rental history is ordinarily limited to the four-year period preceding the date that the petitioner files the complaint (*see Thornton v Baron*, 5 NY3d 175, 180 [2005]), where fraud is alleged and there is "substantial indicia of fraud on the record," DHCR is obliged to investigate whether the base date rate was legal and "act[s] arbitrarily and capriciously in failing to meet that obligation" (*Grimm*, 15 NY3d at 366).

Thus, we find that DHCR's disparate treatment of the parties' claims was arbitrary. While the agency made no attempt to evaluate the legitimacy of petitioner's claims despite their consistency and degree of detail, DHCR credited the owner's implicit claim that it spent $39,000 to renovate the apartment simply because "it would not be difficult for anyone with any experience in this industry to believe it could have taken $39,000 in IAIs to update the appearance and equipment in an apartment which had not changed hands for thirty-two years." This justification for the agency's determination is irrational. Finding that the owner "could have" spent $39,000 in IAIs, where the owner never submitted any evidence controverting petitioner's claims is not equivalent to finding that the owner actually made improvements costing that much. Accordingly, this matter should be remanded to DHCR to give the parties the opportunity to present evidence in connection with the legality of the base rate rent.

Under the circumstances presented, DHCR acted within its discretion by resolving the PAR on the merits even though petitioner filed it outside the 35-day statutory time frame (9 NYCRR 2529.2), and, contrary to the owner's contention, the record does provide a basis to amend the caption. Concur—Mazzarelli, J.P., Freedman and Feinman, JJ.

Sweeny and Gische, JJ., dissent in a memorandum by Gische, J., as follows: I respectfully dissent. I do not agree with the ma-

jority, that petitioner presented sufficient evidence of a fraudulent increase in the legal registered rent for the subject apartment, justifying the examination of the apartment's rental history beyond the statutory four-year look-back period (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [2]).

Petitioner, who moved into the subject apartment in March 2007 pursuant to a one-year lease at a monthly rent of $2,000, filed a rent overcharge claim with DHCR on April 7, 2009, alleging that the owner had obtained a fraudulent increase in the legal registered rent for the apartment from $571.70 per month in July 2004 to $1,750 per month in October 2004, when a new tenant took occupancy. This allegation of fraud was supported only by a letter containing petitioner's personal observations of the improvements to the subject apartment (IAIs) and her comparison to unidentified fixtures at a big box home improvement store. She estimated that, based upon her research and calculations, the most the improvements could have cost was $5,000. Thus, she maintains that allowing for permissible increases, the legal rent for the first vacancy tenant in October 2004 should have been $974, not $1,750. Petitioner provides no real evidence for her conclusions on value, nor does she account for labor costs or assert that she has any relevant experience qualifying her to opine on the value of the work done. Thus, whether the letter adequately details her complaints about the nature or condition of the IAIs she admits were made to the subject apartment is of no moment in concluding their value.

While acknowledging that the "look-back" period for her overcharge complaint was only four years from the filing date, petitioner argues that DHCR should nonetheless have investigated the basis for the IAI increase claimed by the owner before the four-year period because of the poor quality of the improvements.

After initially issuing an erroneous order dated April 15, 2010, dismissing petitioner's rent overcharge complaint on the basis that the subject apartment was not rent-stabilized, DHCR, on its own initiative, reopened the proceeding after the then recent Court of Appeals decision in *Roberts v Tishman Speyer Props., L.P.* (13 NY3d 270 [2009]), and accepted further submissions by the parties.

In its superseding order dated October 4, 2010, DHCR determined that the subject apartment was, in fact, rent-stabilized because the building was receiving J-51 benefits (see *Roberts*, 13 NY3d at 279-286). However, using the base date of April 7, 2005, which was four years prior to the filing date of

petitioner's rent overcharge complaint, at which time the lease rent was $1,750, DHCR determined that there had been no rent overcharge. Petitioner filed a petition for administrative review which was denied by DHCR on July 19, 2011 on the basis that there was no reason to deviate from the four-year look-back rule, or put the owner to its proof as to the IAIs made over four years before the overcharge complaint was filed. The court below upheld the agency's determination and dismissed the petition.

In general, no determination of an overcharge and no calculation of an award of the amount of an overcharge may be based upon an overcharge having occurred more than four years preceding the filing of an overcharge complaint (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a]). In order to effectuate the purpose of the four-year limitation period, the legal regulated rent is set at the base date, which is four years prior to the filing of the overcharge complaint, plus any subsequent lawful increases (Rent Stabilization Code [9 NYCRR] § 2520.6 [e], [f] [1]; 2526.1 [a] [3] [i]). The Court of Appeals culled out a common-law exception to the four-year look-back period where the rent was set by the landlord as part of a fraudulent scheme. Only where there is a "colorable" claim of fraud may the rental history outside the four-year period be examined (*see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d 358, 364 [2010]; *Thornton v Baron*, 5 NY3d 175, 180 [2005]). A colorable claim of fraud requires that the tenant present something more than a mere allegation of fraud. It requires some evidence that the owner engaged in a fraudulent act or scheme more than four years prior to the tenant's filing of the rent overcharge claim, justifying the agency's examination of the entire rent history (*Matter of Grimm*, 15 NY3d at 367).

The fact that there has been a sizeable increase in the rent for the subject apartment prior to the look-back period does not, alone, support or establish that the tenant has a colorable claim of fraud. This is true even where, as here, the bump up in rent was based upon the installation of improvements to an apartment which did not require prior DHCR approval (*id.*). Significantly, the owner complied with all of the rent registration requirements. Accordingly, the information on which petitioner's overcharge claim is based was known to her when she moved into the apartment in 2007, at which time she was within the four-year period permitting a challenge to the rent without having to show a fraudulent predicate.

Petitioner's subjective belief that the IAIs could not have cost

more than $5,000 does not satisfy her initial burden of showing that the fraud exception to the four-year statute of limitations should be applied, requiring DHCR to review a rent charged more than four years before her overcharge complaint (*Thornton v Baron*, 5 NY3d at 180). A conclusory claim, without more, is insufficient for the agency to disregard the four-year look-back period established in the Rent Stabilization Law, as codified in the Rent Stabilization Code, requiring that an owner retain records relating to rents for housing accommodations for four years prior to the date of the most recent registration (CPLR 213-a; Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [2]; Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [2] [ii]). Thus, DHCR's decision to employ the four-year look-back rule rather than the fraud exception in determining the overcharge complaint filed by petitioner had a rational basis in the record and was not arbitrary and capricious or affected by an error of law (*see Matter of I.G. Second Generation Partners v New York State Div. of Hous. & Community Renewal*, 284 AD2d 149 [1st Dept 2001], *lv denied* 98 NY2d 607 [2002]). The majority's conclusions that petitioner's letter triggered an inquiry eviscerates the four-year statutory rule whenever a tenant alleges fraud, even without any particularity. I do not believe that *Grimm* has such wide ranging implications.

Additionally, contrary to petitioner's argument, it was not arbitrary or capricious for DHCR to draw upon its own expertise and resources in concluding that $39,000 was not an inordinate expenditure to renovate an apartment that had become vacant for the first time in 32 years. [**Prior Case History: 2012 NY Slip Op 31260(U).**]