Skelos, J.P.,
concurs in part and dissents in part, and votes to modify the judgment, on the law, by (1) adding provisions thereto (a) vacating so much of the determination dated January 17, 2013, as denied the Marrones a first stabilization rent and (b) determining that the Marrones are entitled to a first stabilization rent, and (2) deleting the provision thereof remitting the matter to the New York State Division of Housing and Community Renewal for a new calculation of the legal regulated rent pursuant to Rent Stabilization Code (9 NYCRR) § 2522.4 (a) and substituting therefor a provision remitting the matter to the New York State Division of Housing and Community Renewal for a new calculation of the legal regulated rent as a first stabilization rent, and as so modified, to affirm the judgment, with the following memorandum: I agree with the majority that the determination of the Deputy Commissioner (here *1049 inafter the Deputy Commissioner) of the Department of Housing and Community Renewal (hereinafter the DHCR) that Steve Marrone and Josephine Marrone (hereinafter the Marrones) were entitled to a rental increase of $204.01 per month under Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (1) is arbitrary and capricious. However, in my view, the Deputy Commissioner’s determination that the Marrones were not entitled to charge the petitioner a free-market rent in her initial lease, also known as a first rent or a first stabilization rent, is also arbitrary and capricious. I would, therefore, vacate that portion of the Deputy Commissioner’s determination and substitute therefor a determination that the Marrones were entitled to charge the petitioner a first stabilization rent for the subject unit. For that reason, I dissent, in part.
The petitioner rented a rent-stabilized apartment from the Marrones. The rent paid by the prior tenant — $831.20 per month — was predicated upon a configuration of the apartment as a two-bedroom unit. Although two additional bedrooms had been added to the subject unit before the Marrones purchased the building, the Marrones had sealed off the doorway to those rooms and the rooms were not rented or used. When the petitioner rented the apartment, the Marrones, at her request, unsealed the doorway, performed electrical work to rewire the extra bedrooms so that they would be on the electric meter for the subject unit, and rented the unit to the petitioner as a four-bedroom apartment. The Marrones charged the petitioner an initial rent of $1,200 per month.
The petitioner thereafter filed a rent overcharge complaint with the DHCR, and the Rent Administrator, inter alia, determined that a rent overcharge had occurred. In so concluding, the Rent Administrator rejected the Marrones’ contention that they were entitled to charge a first stabilization rent because the subject apartment had been changed from a two-bedroom unit to a four-bedroom unit. On the Marrone’s subsequent petition for administrative review, the Deputy Commissioner, among other things, affirmed the Rent Administrator’s finding that the Marrones were not entitled to charge a first stabilization rent, reasoning that because the Marrones had done no more than unseal a doorway, they had not changed the perimeter of the apartment.
Upon reconsideration, the Deputy Commissioner adhered to the determination that the Marrones were not entitled to a first stabilization rent. However, upon considering the Marrones’ argument that “justice required the permissible rent for a four-bedroom apartment to be . . . higher than that for a *1050 one- or two-bedroom apartment,” the Deputy Commissioner, inter alia, concluded that “the nature and quantity of additional dwelling space added to the subject apartment” warranted a rent increase of $204.01 per month under Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (1).
The petitioner thereafter commenced the instant CPLR article 78 proceeding. The Supreme Court, among other things, granted the petition to the extent of annulling that portion of the Deputy Commissioner’s determination that recalculated the legal regulated rent to be $1,200 per month. In so doing, the Supreme Court rejected the Marrones’ argument that, even if they were not entitled to a legal regulated rent of $1,200 per month pursuant to Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (1), they were nonetheless entitled to charge a first stabilization rent and that the Deputy Commissioner’s determination to the contrary was arbitrary and capricious.
In my view, the Marrones’ contention has merit. “The mechanism pursuant to which a landlord may charge a ‘first’ or ‘free market’ rent is an administratively created policy implemented by DHCR in its capacity as the administrative agency which regulates residential rents” (Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d 250, 253 [1995]; see Matter of Devlin v New York State Div. of Hous. & Community Renewal, 309 AD2d 191, 193 [2003]). Under that policy, “[w]here an owner significantly changes the perimeter and dimensions of an existing housing accommodation,” such that the previous apartment no longer exists, the owner may charge “a market or ‘first rent,’ subject to guidelines limitations for future rent adjustments” (NY St Div of Hous & Community Renewal Operational Bulletin 95-2 at 4 [Dec. 15, 1995]; see Matter of Devlin v New York State Div. of Hous. & Community Renewal, 309 AD2d at 194; Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d at 253). The rationale for the policy has been explained as follows: “If the rental history of a stabilized apartment is no longer applicable due to the creation of a new unit with completely different perimeter walls, there would be no rational method which DHCR could utilize to calculate the legal rent since the stabilized rent is based upon a continuous chain of rental history” (Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d at 253).
Various courts have consistently upheld DHCR determinations that substantial renovations to an apartment, which did *1051 not substantially change its perimeter or dimensions, did not permit an owner to charge a first stabilization rent (see Matter of Asen Bros. & Brook v Leventhal, 54 NY2d 839, 840 [1981] [“Although petitioner expended in excess of $100,000 on improvements, there was evidence to support the commission’s determination that no structural changes were made and that the 15-apartment complex remained unchanged”]; Matter of I.G. Second Generation Partners v New York State Div. of Hous. & Community Renewal, 284 AD2d 149 [2001] [addition of a glass enclosure to a terrace that was already allocated to the subject apartment did not entitle the owner to a first stabilization rent]; Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d at 253; Roker Realty Corp. v Gross, 163 Misc 2d 766, 767-768 [App Term, 1st Dept 1995]; see also Matter of 1781 Riverside v New York State Div. of Hous. & Community Renewal, 287 AD2d 255, 256 [2001]; Matter of Myers v D’Agosta, 202 AD2d 223, 224 [1994]). A first stabilization rent is disallowed even where renovations result in an increase in dwelling space (see Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d at 253 [first stabilization rent properly disallowed where exterior perimeter of the apartment did not change, although due to the configuration of the apartment, interior renovations increased the actual square footage of the space]; Roker Realty Corp. v Gross, 163 Misc 2d at 767-768 [owner not entitled to a first stabilization rent in light of the addition of a closet from an adjacent apartment, which increased the size of the subject apartment by 27 square feet]).
As the First Department observed in Matter of 300 W. 49th St. Assoc., the Rent Stabilization Code accounts for increases in dwelling space, allowing a rent increase for such an improvement (prior to Sept. 24, 2011), amounting to one-fortieth of the cost of the improvement (see Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [1], [4]; Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d at 254). In determining whether an owner is entitled to charge a first stabilization rent, therefore, it is necessary to distinguish between a mere increase in dwelling space and the creation of a new unit which renders the prior rental history “meaningless” (Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d at 253). The latter occurs when there is “reconfiguration plus obliteration of the prior apartment’s particular identity” (Matter of Devlin v New York State Div. of Hous. & Community Renewal, 309 AD2d at 194), such *1052 as, if “two smaller dwellings were consolidated to form one large apartment” (Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d at 254). Thus, for example, a first stabilization rent was permitted where an apartment was converted from a single-floor unit to a duplex (see 446-450 Realty Co., L.P. v Higbie, 30 Misc 3d 71, 72-73 [App Term, 1st Dept 2010]; see also Matter of Fernandez v New York State Div. of Hous. & Community Renewal, 3 AD3d 366, 368 [2004]).
In the present case, the Deputy Commissioner determined that the Marrones were not entitled to charge a first stabilization rent because all they had to do to create the four-bedroom apartment was to unseal the doorway. However, this conclusion is irrational in that it ignores both the substance of the first stabilization rent policy and its rationale. Although no structural construction work was performed by the Marrones to make the apartment a four-bedroom apartment, the first stabilization rent policy was not described, in DHCR’s own terminology, in terms of the work performed to create a new unit or the cost incurred by the owner. Rather, in DHCR’s terms, the first stabilization rent policy applies “[w]here an owner significantly changes the perimeter and dimensions of an existing housing accommodation” (NY St Div of Hous & Community Renewal Operational Bulletin 95-2 at 4). Indeed, the first stabilization rent policy was not intended to permit an owner to recoup the cost of improvements, as the Rent Stabilization Code provides a formula for rent increases based upon major capital improvements (see Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [2], [4]).
Furthermore, the Deputy Commissioner’s reasoning that the outer perimeter of the apartment had not actually changed, because the Marrones merely unsealed a doorway, is unsound in light of the Deputy Commissioner’s own factual findings. The Deputy Commissioner specifically found that “the subject apartment had been configured as a two-bedroom apartment for at least 20 years” before the petitioner rented it, and that the two rooms that were added to the apartment had “never” been used while the building was owned by the Marrones. In light of these factual findings, it is irrational to conclude, as the Deputy Commissioner essentially did, that the petitioner’s apartment was always a four-bedroom unit because two rooms existed in the building which could have been made part of the apartment but were not.
The irrationality of the Deputy Commissioner’s conclusion is underscored when the rationale for the first stabilization rent *1053 policy is considered. As noted above, the reason for allowing an owner to charge a first stabilization rent is that where an apartment is so changed that it essentially ceases to exist, and a new unit is created, the rental history for the prior unit is no longer relevant. Here, critically, the rental history for the subject unit is for a two-bedroom apartment. Thus, as far as the rental history is concerned, although the additional rooms existed within the building, they were not part of the subject apartment. Accordingly, by unsealing the doorway and incorporating the two rooms into the subject apartment, the owners “significantly change [d] the perimeter and dimensions of [the] existing housing accommodation” (NY St Div of Hous & Community Renewal Operational Bulletin 95-2 at 4). Put another way, the owners “reconfigured] ” the two-bedroom apartment into a four-bedroom apartment, thereby “obliterating] the prior apartment’s particular identity” (Matter of Devlin v New York State Div. of Hous. & Community Renewal, 309 AD2d at 194; see Matter of Fernandez v New York State Div. of Hous. & Community Renewal, 3 AD3d at 368; 446-450 Realty Co., L.P. v Higbie, 30 Misc 3d at 72-73).
Moreover, because the rental history of the two-bedroom apartment “is no longer applicable due to the creation of a new unit” — i.e., a four-bedroom apartment — “there would be no rational method which DHCR could utilize to calculate the legal rent” (Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d at 253). In fact, this is borne out by the Deputy Commissioner’s own determination. Recognizing that the Marrones were entitled to a rent increase, having added two bedrooms to the apartment when the petitioner rented it, and apparently unsatisfied that the statutory formula for a rent increase for increased dwelling space — one-fortieth of the cost of the improvement (see Rent Stabilization Code [9NYCRR] § 2522.4 [a] [1], [4]) — sufficiently accounted for the significant alteration of the subject apartment, the Deputy Commissioner simply picked a number which he believed constituted a “reasonable” rent increase for the unit. Significantly, that rent increase, together with other allowable increases, brought the legal regulated rent to $1,200 per month, the first stabilization rent actually charged by the Marrones.
Under all of these circumstances, the Deputy Commissioner’s rejection of the Marrones’ claim that they were entitled to charge a first stabilization rent was arbitrary and capricious. Accordingly, I would modify the judgment by adding provisions thereto vacating so much of the determination as denied the *1054 Marrones a first stabilization rent and determining that the Marrones are entitled to a first stabilization rent, and by deleting the provision thereof remitting the matter to the DHCR for a new calculation of the legal regulated rent pursuant to Rent Stabilization Code (9 NYCRR) § 2522.4 (a) and substituting therefor a provision remitting the matter to the DHCR for a new calculation of the legal regulated rent as a first stabilization rent.