**Sammy Group LLC v Parks**

2025 NY Slip Op 31112(U)

April 7, 2025

Civil Court of the City of New York, New York County

Docket Number: Index No. L&T 315828/22

Judge: Clinton J. Guthrie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART D
----------------------------------------------------------------X
SAMMY GROUP LLC,

                                         Index No. L&T 315828/22

                  Petitioner,

        -against-                          **DECISION/ORDER**

TAYLOR PARKS, JOHN DOE, JANE DOE,

                  Respondents.
----------------------------------------------------------------X
Present:

      Hon. <u>CLINTON J. GUTHRIE</u>
          Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion to dismiss pursuant and/or for summary judgment upon respondent's counterclaims:

| **Papers** | **Numbered** |
|---|---|
| Notice of Motion & All Documents Annexed……………….......  | 1 (NYSCEF #9-16) |
| Affirmation in Opposition & All Documents Annexed…………  | 2 (NYSCEF #38-42) |
| Affirmation in Reply & All Documents Annexed………..…....... | 3 (NYSCEF #44-49) |

Upon the foregoing cited papers, the decision and order on respondent's motion is as follows.

<u>PROCEDURAL HISTORY</u>

        This summary holdover proceeding based upon a 60-day notice of termination was filed in October 2022. Respondent Taylor Parks (hereinafter "respondent") filed an answer through counsel in January 2023. Respondent filed the instant motion to dismiss and/or for summary judgment upon her counterclaims. A substantial number of adjournments occurred on consent before petitioner submitted opposition papers in January 2025. Following the filing of reply papers, this court heard argument on the motion on March 12, 2025.

1

[* 1]

MOTION TO DISMISS

Respondent seeks dismissal, primarily pursuant to CPLR § 3211(a)(7) on the basis that the petition does not comply with RPAPL § 741 insofar as it does not adequately set forth the regulatory status of the subject premises. Petitioner opposes the motion to dismiss in all respects.

On a motion to dismiss, the complaint (or petition, as here) "must be construed in the light most favorable to [petitioner] and all factual allegations must be accepted as true." (*Burrows v 75-25 153rd St., LLC*, 2025 NY Slip Op 01669, *2 [2025]). Nonetheless, dismissal will result when the plaintiff or petitioner "has not stated a claim cognizable at law." (*Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc.*, 115 AD3d 128, 136 [1st Dept 2014]; *see also Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

Respondent argues that the petition misstates the regulatory status of the subject premises. The relevant paragraph of the petition states: "The apartment is not subject to the rent stabilization law of 1969 as amended as the building has undergone a substantial rehabilitation." (Petition, ¶ 8). Respondent asserts that this statement is insufficiently detailed, unsupported by facts, and misleading, inasmuch as the premises was never registered with DHCR.

In opposition, petitioner's managing agent, Kimberly Cafaro, states in an affidavit that the subject apartment was created when a former apartment's walls were changed and two new apartments (including this one) came into being, following a substantial rehabilitation (Carafo Aff., ¶¶ 6-12). The only proof annexed to support this assertion are Department of Buildings certificates of occupancy (C of O) from May 1981 and December 2024.

It is well established that misrepresentations of the regulatory status of an apartment may

[* 2]

subject a petition to dismissal (*see 546 W. 156th St. HDFC v Smalls*, 43 AD3d 7, 11 [1st Dept 2007]; *Hughes v Lenox Hill Hosp.*, 226 AD2d 4, 18 [1st Dept 1996], *lv denied* 90 NY2d 829 [1997] [Strict construction of pleading requirements a matter of equity when misrepresentations are made] [citing *MSG Pomp Corp. v Doe*, 185 AD2d 798 [1st Dept 1992]]; *Volunteers of Am.-Greater N.Y., Inc. v Almonte*, 17 Misc 3d 57, 59 [App Term, 2d Dept, 2d & 11th Jud Dists 2007], *affd* 65 AD3d 1155 [2d Dept 2009] [The regulatory status "may determine the scope of the tenant's rights[.]"]).

The petition asserts that the subject premises is exempt from rent stabilization because the building has undergone a substantial rehabilitation. Pursuant to Rent Stabilization Code (RSC) § 2520.11(e) (9 NYCRR § 2520.11(e)), housing accommodations in buildings that were substantially rehabilitated after January 1, 1974 are exempt from rent stabilization. The criteria for substantial rehabilitation, including replacement of at least 75 percent of building-wide and individual housing accommodation systems, are incorporated in RSC § 2520.11(e) and DHCR Operational Bulletin No. 95-2 (*see Matter of Clark v New York State Div. of Hous. & Community Renewal*, 193 AD3d 726 [2d Dept 2021]). In opposition to respondent's motion, petitioner does not attempt to demonstrate that substantial rehabilitation occurred according to RSC § 2520.11(e) and DHCR Operational Bulletin No. 95-2. Instead, petitioner maintains that upon its creation (by reconfiguring a former apartment and splitting it into two apartments), the subject premises became a "free market apartment." In effect, this assertion tracks the DHCR policy that allowed a "first" or "free market" rent to be charged "when the perimeter walls of [an] apartment have been substantially moved and changed and where the previous apartment, essentially ceases to exist, thereby rendering its rental history meaningless" (*300 W. 49 St.*

3

[* 3]

*Assocs. v New York State Div. of Hous. & Community Renewal, Office of Rent Admin.*, 212 AD2d 250, 253 [1st Dept 1995]; *see also Devlin v New York State Div. of Hous. & Community Renewal*, 309 AD2d 191, 194 [1st Dept 2003] ["The test . . . is in two parts: reconfiguration plus obliteration of the prior apartment's particular identity."]). DHCR Operational Bulletin No. 95-2 distinguishes this "first rent" policy from substantial rehabilitation:

> "First Rents: Where an owner significantly changes the perimeter and dimensions of an existing housing accommodation, or creates a housing accommodation in space previously used for nonresidential purposes, the DHCR may find that the resultant housing accommodation was not in existence on the applicable base date. Such a finding may entitle the owner to charge a market or 'first rent,' subject to guidelines limitations for future rent adjustments." (DHCR Operational Bulletin No. 95-2 [December 15, 1995], Page 4).

Thus, it is apparent that the petition's statement that the subject premises is exempt from rent regulation because of a substantial rehabilitation is a misstatement, at least within the framework of the laws and policies governing rent stabilization. Petitioner's current theory is that a "market rent" could be charged because of the creation of a new unit within the ambit of the above-referenced DHCR policy; consequently, the logic goes, the apartment became exempt from rent regulation through the creation of a wholly new apartment, as opposed to building-wide substantial rehabilitation as defined in the Rent Stabilization Code.

While the Appellate Division in *Smalls* held that dismissal of a petition was erroneous where the misstatement of regulatory status "resulted from uncertainty surrounding the status of [the] respondent's tenancy" (*Smalls*, 43 AD3d at 11), here the circumstances is different. In opposition, petitioner does not profess uncertainty about the nature of the exemption; instead, the claimed exemption, which materially differs from what is pleaded, is described matter-of-factly with no suggestion of confusion. Where the nature of a claimed regulatory exemption differs

4

[* 4]

from what is pleaded and the petitioner does not seek amendment, dismissal is warranted (*see Henry v Kingsberry*, 66 Misc 143[A], 2020 NY Slip Op 50175[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; *see also 433 West Assocs. v Murdock*, 276 AD2d 360, 360-361 [1st Dept 2000] [Pleading proper regulatory status is an "essential element" of a landlord's prima facie case]; *Fortune Socy. v Brown*, 68 Misc 3d 956, 959-960 [Civ Ct, Bronx County 2020]). Accordingly, as petitioner misstated the basis for its claimed regulatory exemption in the petition and has not sought amendment, respondent's motion to dismiss is granted.[1] The clerk shall issue a judgment dismissing the petition (*see* CPLR § 411). The dismissal is without prejudice.

MOTION FOR SUMMARY JUDGMENT

Respondent seeks summary judgment on her seven counterclaims. Petitioner opposes summary judgment in all respects. As for respondent's first counterclaim, respondent demands the ordering of the issuance of a rent-stabilized lease renewal. However, as a court of limited jurisdiction, this court lacks the injunctive power to require a landlord to offer a specific renewal lease (*see Jamaica Seven, LLC v Villa*, 67 Misc 3d 138[A], 2020 NY Slip Op 50630[U], *2; *see also North Waterside Redevelopment Co., L.P. v. Febbraro*, 256 AD2d 261, 262 [1st Dept 1998]). Accordingly, the court lacks the jurisdiction to grant the relief requested in the first counterclaim.

Respondent's second and third counterclaims, for breach of contract and breach of the warranty of habitability, both seek the same relief, namely an abatement of rent. While respondent's affidavit in support describes conditions affecting life, health, and safety and

---

[1] The court notes that in a related proceeding involving the same building (involving the same petitioner and a respondent represented by the same attorney as respondent herein), *Sammy Group LLC v. Aniseh Farshid*, Index No. L&T 302352/24 [Civ Ct, NY County], petitioner has cross-moved to amend the petition in response to a similar motion to dismiss.

[* 5]

petitioner's failure to make repairs, respondent has not met her prima facie burden of demonstrating the severity and duration of the conditions through admissible evidence (*see Park West Management Corp. v. Mitchell*, 47 NY2d 316, 329 [1979]; *Westhattan Corp. v Wong*, 42 Misc 3d 130[A], 2013 NY Slip Op 52188[U] [App Term, 1st Dept 2013]).  While respondent attempts to marshal more supportive evidence (including an order from an Article 7A proceeding involving the building) in reply, this cannot satisfy respondent's prima facie burden on a summary judgment motion (*see Pullman v Silverman*, 28 NY3d 1060, 1062 [2016]).  As a result, the court denies the request for summary judgment on respondent's second and third counterclaims.

Respondent's fourth counterclaim is for harassment under the Housing Maintenance Code.  Respondent's allegations regarding harassment are substantially similar to those related to the breach of contract and breach of warranty of habitability counterclaims, specifically insofar as they concern conditions involving the building and apartment.  Those include regular elevator breakdowns, a failure to install locking windows, lack of proper ventilation, lack of proper security, and delays in testing for lead and asbestos during construction.

In relevant part, under the Housing Maintenance Code, harassment exists where there are "repeated interruptions [and] discontinuances of essential services" (NYC Admin. Code § 27-2004(a)(48)(ii)(b)) or "repeated failures to correct hazardous [and] immediately hazardous violations of [the Housing Maintenance Code]…within the time required for such corrections" (NYC Admin. Code § 27-2004(a)(48)(ii)(b-2)).  Under either of these provisions, however, the existence of a predicate violation (or violations) relating to housing standards is required for a claim to have merit (*see Berg v Chelsea Hotel Owner, LLC*, 203 AD3d 484, 485 [1st Dept 2022];

6

[* 6]

*Corzo v David*, 78 Misc 3d 368, 370 [Civ Ct, Queens County 2022]).  Respondent annexes one page of a DHPD (Department of Housing Preservation and Development) violation report for the building, but it does not include any violations for the subject unit.  To the extent that it includes one violation for a common area condition (relating to a fire door), the motion nonetheless does not demonstrate *repeated* failures to repair the condition underlying the violation, as the statute requires.  Accordingly, as respondent has not met her prima facie burden of proving harassment under the Housing Maintenance Code, the motion for summary judgment is denied as to the harassment counterclaim.

Respondent's fifth counterclaim is for rent overcharge, upon an assertion that respondent's tenancy is subject to rent stabilization.  However, the court does not have a basis upon this motion to determine conclusively that the subject premises are rent stabilized.  Moreover, respondent does not present any proof as to what rent was actually paid, so the court cannot discern what damages, if any, would be warranted even if a rent-stabilized legal rent were established.  Accordingly, summary judgment on respondent's fifth counterclaim is denied.

Respondent's sixth counterclaim seeks damages under General Business Law (GBL) § 349(h).  Respondent alleges that petitioner engaged in misleading and deceptive consumer-oriented acts such that she was injured, in relation to petitioner's misrepresentation of the rent regulatory status of the subject premises and willful overcharge.  To prevail on a GBL § 349(h) claim, a party must demonstrate "(1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception." (*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc.*, 37 NY3d 169, 176 [2021]).  Here, the court does

7

[* 7]

find that respondent established that any acts by petitioner were deceptive or misleading in a *material* way that caused respondent a specific injury. As a result, summary judgment is denied as to respondent's sixth affirmative defense.

Finally, respondent seeks summary judgment on her seventh counterclaim, which seeks attorneys' fees pursuant to Real Property Law (RPL) § 234. While respondent annexes a copy of her lease, which includes an attorneys' fees provision that would potentially entitle her to fees (*see Graham Ct. Owner's Corp. v Taylor*, 24 NY3d 742 [2015]), no proof of actual attorneys' fees expended is included, nor is there a demonstration of the factors typically considered in assessing the reasonableness of fees: "'[T]he nature and extent of the [legal] services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved.'" (*542 E. 14th St. LLC v Lee*, 66 AD3d 18, 24 [1st Dept 2009] [quoting *Jordan v Freeman*, 40 AD2d 656, 656 [1st Dept 1972]). As a result, respondent has not established her entitlement to legal fees on this summary judgment motion.

For the foregoing reasons, respondent's motion for summary judgment upon her counterclaims is denied in its entirety. The denial is without prejudice.

CONCLUSION

Respondent's respective motions are disposed in accordance with the determinations made herein. The petition is dismissed without prejudice. Except as to respondent's seventh counterclaim, court severs respondent's (first through sixth) counterclaims without prejudice (*see* CPLR § 407; *City of New York v Candelario*, 223 AD2d 617, 618 [2d Dept 1986]). Respondent's seventh counterclaim, however, will be marked off-calendar unless a motion for relief related thereto is made.

8

[* 8]

This Decision/Order will be filed to NYSCEF.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Dated: New York, New York
      April 7, 2025
                              HON. CLINTON J. GUTHRIE
                                   J.H.C

APPROVED
CGUTHRIE , 4/7/2025, 8:59:14 AM

9

[* 9]