In the Matter of C. KENT BLANCHARD (Admitted as CHARLES KENT BLANCHARD), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 4, 1987

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee (DDC) for the First Judicial Department has moved to strike respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4).

This court admitted respondent to practice on January 8, 1980, under the name Charles Kent Blanchard.

On February 27, 1986, respondent was convicted, upon his pleas of guilty, in the Superior Court of New Jersey, Monmouth County, to 17 counts of the crime of theft by failure to make required disposition of property received, in violation of New Jersey Statutes Annotated § 2C:20-9. Thereafter, on May 22, 1986, respondent was sentenced to a probationary term of five years, upon condition that he make restitution, and he was fined. Moreover, the respondent's commission of these crimes resulted in his disbarment as a member of the New Jersey Bar. The respondent's guilty pleas related to the conversion of more than $300,000 of client funds.

A certified copy of the respondent's New Jersey conviction has been presented to this court (Judiciary Law § 90 [4] [b]).

Each count to which respondent pleaded guilty involved the theft of property valued in excess of $500, which is an offense defined in New Jersey, as a crime in the third degree (NJ Stat Annot § 2C:20-2). Since respondent was convicted of a crime in the third degree, he was subject to being sentenced on each count to a term of imprisonment in New Jersey of between 3 and 5 years (NJ Stat Annot § 2C:43-6 [a] [3]). In New York, a felony is defined as "an offense for which a sentence to a term of imprisonment in excess of one year may be imposed" (Penal Law § 10.00 [5]).

We find respondent stands convicted of crimes cognizable as felonies under the laws of the State of New York (see, Penal Law §§ 155.30, 155.35).

The respondent has submitted no opposition to the DDC petition.

Pursuant to subdivision (4) of section 90 of the Judiciary Law, upon his conviction of a felony, the respondent ceased to be an attorney and counselor-at-law in this State.

Accordingly, the DDC's motion is granted. Respondent is disbarred and the clerk of the court is directed to strike the

respondent's name from the roll of attorneys and counselors-at-law forthwith.

KUPFERMAN, J. P., ROSS, ROSENBERGER, ELLERIN and SMITH, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York.