[637 NYS2d 41]

In the Matter of NICHOLAS A. MINA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 18, 1996

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Nicholas A. Mina was admitted to the practice

of law in New York by the Appellate Division, Third Department, on January 24, 1984, and at all times pertinent to this proceeding maintained an office for the practice of law in the First Department

On April 14, 1994, the respondent pleaded guilty in the Superior Court of New Jersey, County of Hudson, to one count of theft by deception (NJ Stat Annot § 2C:20-4) and one count of theft by failure to make the required disposition (NJ Stat Annot § 2C:20-9) and on June 10, 1994, was sentenced to five years of probation, with the added conditions, *inter alia,* of 364 days of incarceration, stayed for 30 days to allow him to enter a rehabilitation hospital for inpatient treatment for a compulsive gambling problem, 250 hours of community service, and restitution in the amount of $95,480. On June 10, 1994, respondent stated on the record that he would notify the State of New York of his conviction and would consent to disbarment in New York. Despite this and notwithstanding the requirement that he report his conviction to the Disciplinary Committee *(see,* Judiciary Law § 90 [4] [c]; 22 NYCRR 603.12 [f]), respondent has failed to do so.

Respondent's conviction of theft by failure to make required disposition arose out of events which took place between November 1988 and April 1989, when he was employed by the County of Hudson as the director of the Office of Risk Management and had certain responsibilities in connection with the Hudson County Insurance Fund Commission. In the plea allocution in the New Jersey Superior Court, respondent admitted that he deposited certain funds into the Hudson County Insurance Fund Commission account and subsequently, without the permission of Hudson County, authorized the issuance of checks in excess of $500 to himself from that account and cashed the checks as his own. As to his conviction of theft by deception, respondent admitted that between May 23, 1993 and August 12 of that year, when he was "on temporary suspension" from the Bar in the State of New Jersey, he purposely obtained more than $500 from the estate of an individual by deception by creating or reinforcing a false impression that he was an attorney in good standing with the New Jersey Bar and was authorized to negotiate checks from that estate.

The Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that the crimes of which respondent was convicted constitute felonies under

the laws of the State of New York. Both crimes involved the theft of property in excess of $500 and, therefore, are, in New Jersey, crimes in the third degree (NJ Stat Annot § 2C:20-2), which subjected respondent to being sentenced to terms of imprisonment of between three and five years (NJ Stat Annot § 2C:43-6 [a] [3]). These crimes therefore constitute felonies under the laws of New York. (*See, Matter of Blanchard,* 129 AD2d 34, Penal Law § 10.00 [5].)

Accordingly, the petition is granted and respondent's name is to be stricken from the roll of attorneys forthwith.

SULLIVAN, J. P., ELLERIN, KUPFERMAN, ROSS and TOM, JJ., concur.

Petition granted and respondent's name directed to be stricken from the roll of attorneys forthwith.