[— NYS2d —]

In the Matter of RONALD M. SALZER (Admitted as RONALD MARTIN SALZER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 4, 1997

**APPEARANCES OF COUNSEL**

*Eileen J. Shields* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Ronald M. Salzer was admitted to the practice of

law in the State of New York by the First Judicial Department on June 20, 1983, as Ronald Martin Salzer. Respondent was also admitted to practice in New Jersey in 1983.

Respondent was charged in the New Jersey Superior Court with theft by deception in the second degree (NJ Stat Annot § 2C:20-2 [b] [1] [a]), for stealing in excess of $75,000 from his clients, and theft by deception in the third degree (NJ Stat Annot § 2C:20-2 [b] [2] [a]), for stealing in excess of $500 from MBNA America. On December 13, 1995, respondent waived indictment and agreed to plead guilty to an accusation charging him with the aforementioned crimes. On February 20, 1996, he was sentenced to concurrent terms of seven and five years, respectively.

By notice of petition dated October 25, 1996, the Departmental Disciplinary Committee seeks an order pursuant to Judiciary Law § 90 (4) (a) striking respondent's name from the roll of attorneys, on the ground that respondent's New Jersey conviction mandates automatic disbarment. There has been no response to the petition.

Judiciary Law § 90 (4) (a) provides that an attorney convicted of a felony, as defined in paragraph (e) of that subdivision, is automatically disbarred by operation of law. Paragraph (e), to the extent relevant here, defines a felony as "any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

Respondent's New Jersey conviction for theft by deception in the second degree (theft in the amount of $75,000 or more) is a proper predicate for his disbarment, since it is essentially similar (*Matter of Margiotta*, 60 NY2d 147, 150) to the New York felony of grand larceny in the second degree (stealing property whose value exceeds $50,000 [Penal Law § 155.40 (1)]).* The gravamen of the New Jersey offense is purposely obtaining the property of another by creating, reinforcing or failing to correct a false impression with respect to that property, or by preventing another from acquiring information which would affect that person's judgment of the transaction (NJ Stat Annot § 2C:20-4; *see, State v Rodgers*, 230 NJ Super 593, 601, 554 A2d 866, 870, *cert denied* 117 NJ 54, 563 A2d 821). Similarly, a

---

* The second count of the accusation, charging theft by deception in the third degree, would not constitute a felony in New York, because that count alleged theft in excess of $500. The value of the property stolen must exceed $1,000 in New York before it constitutes a felony (Penal Law § 155.30 [1]).

person commits grand larceny in New York by wrongfully taking property from another, with the intent to deprive the owner of the same, by conduct known as larceny by trick, embezzlement, or false pretenses (Penal Law § 155.05 [1], [2] [a]), or larceny by a false promise of future conduct (Penal Law § 155.05 [2] [d]).

Here, respondent stole client funds in excess of $75,000, by converting settlement checks he had received on their behalf. Since this conduct would have constituted the crime of grand larceny in the second degree if committed in New York, respondent was convicted of felony within the meaning of Judiciary Law § 90 (4) (e). Therefore, the petition should be granted.

Accordingly, the petition of the Departmental Disciplinary Committee for the First Judicial Department is granted, and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

WALLACH, J. P., NARDELLI, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Petition granted, and respondent's name directed to be struck from the roll of attorneys and counselors-at-law in the State of New York, effective March 4, 1997.