[666 NYS2d 587]

In the Matter of MICHAEL R. IMBRIANI (Admitted as MICHAEL ROBERT IMBRIANI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 18, 1997

#### APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Michael R. Imbriani was admitted to the practice

of law in the State of New York by the First Judicial Department on June 24, 1955.

Petitioner Departmental Disciplinary Committee seeks, *inter alia*, an order striking respondent's name from the roll of attorneys in the State of New York pursuant to Judiciary Law § 90 (4) (a)[1] on the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e).[2] In support, petitioner has set forth evidence demonstrating that on September 16, 1994, respondent pleaded guilty in the Superior Court of New Jersey to theft by failure to make required disposition of property received in the third degree in violation of New Jersey Statutes Annotated §§ 2C:20-2 and 2C:20-9 based on allegations that respondent had received approximately $98,000 on behalf of his fellow shareholders of a corporation for the purpose of paying corporate income tax and meeting corporate expenditures and had used said funds for his own purposes. Based on this conviction, by a decision dated February 15, 1995, the Supreme Court of New Jersey removed respondent from his then held position of Judge of the Superior Court of New Jersey in Somerset County and on June 27, 1997, disbarred respondent.

We find that respondent's conviction is a basis for automatic disbarment since it is for a crime essentially similar to the crime of grand larceny in the fourth degree (Penal Law § 155.30), a felony, and therefore qualifies as a felony under Judiciary Law § 90 (4) (e) (*Matter of Blanchard*, 129 AD2d 34).

The New Jersey statutes under which respondent was convicted state, in pertinent part: "A person who purposely obtains or retains property upon agreement or subject to a known legal obligation to make specified payment or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to

---

1. "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

2. "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

identify particular property as belonging to the victim at the time of the actor's failure to make the required payment or disposition" (NJ Stat Annot § 2C:20-9). "Theft constitutes a crime of the third degree if: (a) The amount involved exceeds $500.00 but is less than $75,000.00" (NJ Stat Annot § 2C:20-2 [b] [2]). Furthermore, under New Jersey Statutes Annotated § 2C:43-6 (a) (3), the offense of which respondent was convicted carries a maximum sentence of five years in prison.

Respondent's conviction is essentially similar to a conviction under Penal Law § 155.30, a class E felony under New York law and, as a result, respondent has been convicted of a felony within the meaning of Judiciary Law § 90 (4) (e) (*Matter of Blanchard, supra*).

Accordingly, the motion is granted and respondent's name is stricken from the roll of attorneys in the State of New York.

ELLERIN, J. P., WALLACH, NARDELLI, WILLIAMS and MAZZA-RELLI, JJ., concur.

Petition granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.