[771 NYS2d 13]

In the Matter of Anthony M. Mahoney, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, January 20, 2004

### APPEARANCES OF COUNSEL

*Thomas J. Cahill* (*Mady L. Edelstein* of counsel), for petitioner.

*Nicholas C. Cooper* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Anthony M. Mahoney was admitted to the

practice of law in the State of New York by the First Judicial Department on May 13, 1971. At all times pertinent to this proceeding he maintained an office for the practice of law within the First Judicial Department.

Respondent was convicted by a jury in the Superior Court of the State of New Jersey, Union County, of one count of theft by failure to make required disposition of property in the third degree (NJ Stat Ann §§ 2C:20-9, 2C:20-2), one count of misapplication of entrusted property in the third degree (NJ Stat Ann § 2C:21-15) and two counts of forgery in the fourth degree (NJ Stat Ann § 2C:21-1 [a] [2], [3]). He was sentenced to three years' probation, 500 hours' community service, and a fine of $5,000, plus assessments. Respondent's conviction resulted from his failure to pay clients their $50,000 portion of a $75,000 settlement, which he received in January of 1999 and deposited into his attorney trust account. The forgery convictions stemmed from his forgery of the clients' signatures on the settlement check. Respondent eventually made payment of the $50,000 to his clients in December 1999.

The Departmental Disciplinary Committee now moves for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that he was automatically disbarred in New York when he was convicted in New Jersey. Respondent has cross-moved for an order declaring that the crimes of which he has been convicted in New Jersey are "serious crimes" as defined in Judiciary Law § 90 (4) (d) and granting him a hearing to determine an appropriate sanction pursuant to Judiciary Law § 90 (4) (h). He contends that the New Jersey felonies do not have a New York analogue in that they are not essentially similar to any New York felony but, rather, are essentially similar to the New York misdemeanor of misapplication of property (Penal Law § 165.00).

An attorney's conviction of a felony in another state warrants automatic disbarment pursuant to Judiciary Law § 90 (4) (b) only if the foreign crime is a felony as defined under the laws of this state and if the elements of the offense have "essential similarity" (Judiciary Law § 90 [4] [e]; *Matter of Margiotta*, 60 NY2d 147, 150 [1983]). The third-degree theft of property and misapplication of property offenses (NJ Stat Ann §§ 2C:20-9, 2C:20-2, 2C:21-15), of which respondent stands convicted are each punishable by a sentence of between three and five years where the amount involved is between $500 and $75,000 (NJ Stat Ann §§ 2C:20-2, 2C:43-6 [a] [3]).

Whether the New Jersey theft offenses are substantially similar to the New York felony of grand larceny in the third degree (Penal Law § 155.35), as petitioner asserts, depends on the consequences of the failure to make the requisite payment or the improper disposition of the property concerned. The statute defining theft by failure to make required disposition of property provides, in pertinent part: "A person who purposely obtains or retains property upon agreement or subject to a known legal obligation to make specified payment or other disposition . . . is guilty of theft if he deals with the property obtained as his own and fails to make the required payment or disposition" (NJ Stat Ann § 2C:20-9). Similarly, with respect to misapplication of entrusted property:

> "A person commits a crime if he applies or disposes of property that has been entrusted to him as a fiduciary . . . in a manner which he knows is unlawful and involves a substantial risk of loss or detriment to the owner of the property or to a person for whose benefit the property was entrusted whether or not the actor has derived a pecuniary benefit" (NJ Stat Ann § 2C:21-15).

These offenses are analogous to the misdemeanor of misapplication of property, which requires only the refusal to return the property or its encumbrance so as to create a substantial risk that it cannot be recovered by the owner (Penal Law § 165.00 [1] [a], [b]). The lack of material economic loss is a defense to prosecution under the statute (Penal Law § 165.00 [3] [c]).

By contrast, a person commits the crime of larceny when property is wrongfully taken, obtained or withheld "with intent to deprive another of property or to appropriate the same to himself or to a third person" (Penal Law § 155.05 [1]). The terms "deprive" and "appropriate" denote that the economic value of the property is lost to the owner or acquired by the offender (Penal Law § 155.00 [3], [4]). While respondent delayed in paying over the settlement funds to his clients for nearly one year, it has not been established that he appropriated the funds to his own use (*cf. Matter of Blanchard*, 129 AD2d 34 [1987] [conversion of funds analogous to violation of Penal Law §§ 155.30, 155.35]). The matter at bar is readily distinguishable from cases in which failure to make the required disposition was held to be equivalent to the crime of grand larceny; in those matters, automatic disbarment resulted because appropriation or deprivation was admitted by the attorney upon entering a

guilty plea (*id.* at 35; *see also Matter of Imbriani*, 238 AD2d 53, 54 [1997]; *Matter of Mina*, 218 AD2d 164, 165 [1996]), thus supplying the element of conversion necessary to render the offense substantially similar to grand larceny (*see Matter of Kim*, 209 AD2d 127, 130 [1995] [admissions during allocution considered in determining equivalence of foreign conviction]).

Accordingly, the Committee's petition to strike respondent's name from the roll of attorneys should be denied; respondent's cross motion for a determination that the offenses of which respondent has been found guilty constitute "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b) should be granted; and respondent should be suspended from the practice of law, effective immediately, pursuant to Judiciary law § 90 (4) (f). Respondent is directed to show cause, pursuant to Judiciary Law § 90 (4) (g) and (h), before a Referee appointed by the Court pursuant to 22 NYCRR 603.4 (d), who shall hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.

NARDELLI, J.P., ROSENBERGER, WILLIAMS, MARLOW and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, as indicated.