[877 NYS2d 246]

In the Matter of LESLY R. HARPER DEVEREAUX (Admitted as LESLY ROBYN HARPER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 31, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Lesly R. Harper Devereaux*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Lesly R. Harper Devereaux was admitted to the practice of law in New York by the First Judicial Department on November 2, 1987, under the name Lesly Robyn Harper. At all times relevant to the charges, respondent maintained her principal place of business in New Jersey.

Respondent was convicted by a jury in the Superior Court of New Jersey on July 30, 2007 of, inter alia, official misconduct in the second degree (NJ Stat Ann § 2C:30-2) and sentenced to a prison term of $6\frac{1}{2}$ years. On October 26, 2007, in connection with a separate indictment, respondent pleaded guilty to theft by deception in the third degree (NJ Stat Ann § 2C:20-4) and was sentenced to, inter alia, a prison term of four years to run concurrently with the $6\frac{1}{2}$ years. The Supreme Court of New Jersey disbarred respondent on December 20, 2007 (193 NJ 308, 938 A2d 922 [2007]).

Respondent's conviction of official misconduct arose out of her misuse of state employees from 2002 to 2004 by having them perform work for her private law practice while she was employed as Chief of Staff and Senior Vice President of Operations for the New Jersey Commerce and Economic Growth Commission. As to her conviction of theft by deception (welfare fraud), respondent admitted that in 2000 and 2001, prior to her employment at the Commerce Commission, she obtained more than $500 in food stamps by filing a false application that failed to report her true income and her employment as an attorney.

The Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (4) (a), striking respondent's name from the roll of attorneys upon the ground that a crime of which respondent was convicted constitutes a felony under the laws of New York State (*see* Judiciary Law § 90 [4] [e]; *Matter of Kim*, 209 AD2d 127, 129 [1995]). Respondent does not oppose the Committee's motion.

Respondent's conviction of theft by deception in the third degree, in violation of New Jersey Statutes Annotated § 2C:20-4, is a basis for automatic disbarment because it is "essentially similar" to the crime of offering a false instrument for filing in the first degree (Penal Law § 175.35), a felony, and therefore, qualifies as a felony under Judiciary Law § 90 (4) (e) (*see Matter of Mina*, 218 AD2d 164 [1996] [New Jersey conviction of theft

by deception in third degree constituted New York felony; attorney automatically disbarred]).

Accordingly, the petition should be granted pursuant to Judiciary Law § 90 (4) (a), and respondent's name stricken from the roll of attorneys in New York, effective nunc pro tunc to October 26, 2007.

ANDRIAS, J.P., FRIEDMAN, BUCKLEY, MOSKOWITZ and ACOSTA, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 26, 2007.