[16 NYS3d 87]

In the Matter of ERNEST JEROME DuBOSE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 2, 2015

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Ernest Jerome DuBose*, Leesburg, New Jersey, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

On June 29, 2011, by indictment No. 11-06-00075-S, filed in the Superior Court of New Jersey, Morris County, the respondent was charged with five felonies: conspiracy in the second degree (NJ Stat Ann § 2C:5-2), official misconduct in the second degree (NJ Stat Ann §§ 2C:30-2 [a]; 2C:2-6), bribery in official and political matters in the second degree (NJ Stat Ann §§ 2C:27-2 [c], [d]; 2C:2-6), attempted theft by deception in the second degree (NJ Stat Ann §§ 2C:20-4 [a]; 2C:5-1, 2C:2-6), and false contract payment claim in the second degree (NJ Stat Ann §§ 2C:21-34 [a]; 2C:2-6).

On April 20, 2015, after a jury trial before Judge James M. DeMarzo, Superior Court of New Jersey, Morris County, the respondent was found guilty on all five counts of the indictment. On May 22, 2015, the respondent was sentenced by Judge DeMarzo to a total of six years' imprisonment, and ordered to pay restitution, fines, and fees totaling $12,500.

Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90 (4) (e) provides that "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). In determining whether a foreign felony is essentially similar to a New York felony, this Court has considered a number of factors, including the trial record (*see Matter of Ashley*, 263 AD2d 70 [1999]).

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts contends that the respondent's

conviction of the offense of bribery in official and political matters in the second degree is essentially similar to the offense of bribery in the third degree under Penal Law § 200.00. Under NJ Stat Ann § 2C:27-2, a person is guilty of bribery in official and political matters if he or she:

> "directly or indirectly offers, confers or agrees to confer upon another, or solicits, accepts or agrees to accept from another:
>
> "a. Any benefit as consideration for a decision, opinion, recommendation, vote or exercise of discretion of a public servant, party official or voter on any public issue or in any public election; or
>
> "b. Any benefit as consideration for a decision, vote, recommendation or exercise of official discretion in a judicial or administrative proceeding; or
>
> "c. Any benefit as consideration for a violation of an official duty of a public servant or party official; or
>
> "d. Any benefit as consideration for the performance of official duties."

Similarly, New York's Penal Law § 200.00 provides that

> "[a] person is guilty of bribery in the third degree [a class D felony] when he confers, or offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced."

Thus, in light of the similarity of the elements of the two offenses, we conclude that the respondent's conviction of the offense of bribery in official and political matters in the second degree (NJ Stat Ann §§ 2C:27-2 [c], [d]; 2C:2-6) is essentially similar to bribery in the third degree under Penal Law § 200.00.

Additionally, the Grievance Committee asserts that the respondent's conviction of attempted theft by deception in the second degree (NJ Stat Ann §§ 2C:20-4 [a]; 2C:5-1, 2C:2-6) is essentially similar to the offense of attempted grand larceny in the second degree under New York's Penal Law § 110.05 (5), which provides that a person is guilty of a "[c]lass D felony when the crime attempted is a class C felony." We have previously determined that a New Jersey conviction of theft by deception in the second degree was essentially similar to the offense of grand larceny in the second degree, a class C felony,

under Penal Law § 155.40 (1), where the value of the property stolen exceeded $50,000 (*see Matter of Salzer*, 230 AD2d 101 [1997]). Since the jury found that the respondent attempted to obtain an amount of $75,000 or more, his conduct, if it had been committed in New York, would have constituted the felony of attempted grand larceny in the second degree, a class D felony, under Penal Law § 110.05 (5).

Finally, the Grievance Committee contends that the respondent's conviction of the offense of conspiracy in the second degree (NJ Stat Ann § 2C:5-2) is essentially similar to the offense of conspiracy in the fourth degree under Penal Law § 105.10 (1). Pursuant to NJ Stat Ann § 2C:5-2 (a):

> "[a] person is guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he:

> "(1) Agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

> "(2) Agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime."

Penal Law § 105.10 (1), provides, in relevant part, that a person is guilty of conspiracy in the fourth degree when, "with intent that conduct constituting . . . a class B or class C felony be performed, he or she agrees with one or more persons to engage in or cause the performance of such conduct." Although the two statutes differ in that the New York statute requires that the conspiracy involve a crime constituting a class B or class C felony, "essential similarity" may still be established by looking at the trial record (*Matter of Ashley*, 263 AD2d at 71). Here, the jury found that the respondent conspired to commit, inter alia, the crime of theft by deception to obtain an amount of $75,000 or more, which theft, as noted, is essentially similar to the New York class C felony of grand larceny in the second degree (*see Matter of Salzer*, 230 AD2d at 102). Thus, the respondent's act of conspiracy to commit a crime essentially similar to a class C felony constitutes conspiracy in the fourth degree under Penal Law § 105.10 (1).

The Grievance Committee now moves to strike the respondent's name from the roll of attorneys and counselors-at-law

based on his conviction of felony crimes. In response, the respondent notified this Court that he does not oppose the motion.

We conclude that three of the offenses of which the respondent was convicted in New Jersey, to wit: bribery in official and political matters in the second degree, attempted theft by deception in the second degree, and conspiracy in the second degree, constitute felonies within the meaning of Judiciary Law § 90 (4) (e). As such, upon his conviction of those crimes, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of April 20, 2015.

ENG, P.J., RIVERA, DILLON, BALKIN and DICKERSON, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Ernest Jerome DuBose, is disbarred, effective April 20, 2015, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Ernest Jerome DuBose, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Ernest Jerome DuBose, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Ernest Jerome DuBose, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).