Matter of Hand (2018 NY Slip Op 05658)





Matter of Hand


2018 NY Slip Op 05658


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018


[*1]In the Matter of STEPHANIE ASHLY HAND, an Attorney. (Attorney Registration No. 2599827)

Calendar Date: July 2, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER 
Per Curiam.
Respondent was admitted to practice by this Court in 1994
and currently lists a business address in Livingston, New Jersey
with the Office of Court Administration. She was also admitted to the practice of law in New Jersey in 2000. In September 2015, respondent pleaded guilty in the United States District Court for the District of New Jersey to two misdemeanor counts of willful failure to file tax returns in 2008 and 2009 (see 26 USC § 7203), and was sentenced in May 2016 on both counts to, among other things, three years of probation and restitution in the amount of $50,588. Following a jury trial in the Superior Court of New Jersey, Essex County, respondent was convicted in March 2017 of conspiracy in the second degree (see NJSA 2C:5-2), theft by deception in the second degree (see NJSA 2C:20-4 [a]) and financial facilitation of criminal activity in the second degree (see NJSA 2C:21-25 [b] [2] [a]) and was then sentenced in September 2017 to a total prison term of eight years and ordered to pay fines, fees and a $250,000 penalty [FN1]. Respondent's conviction stemmed from her provision of false information in mortgage applications and United States [*2]Department of Housing and Urban Development settlement forms to certain lenders, inducing them to approve loan applications and disburse funds to respondent, among others, totaling over $800,000. In July 2017, the Supreme Court of New Jersey temporarily suspended respondent from the practice of law based upon her conviction in the Superior Court of New Jersey.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves for alternative relief, by motion returnable July 2, 2018. First, AGC moves for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date of her felony conviction in New Jersey, contending that her conviction for conspiracy in the second degree and theft by deception in the second degree resulted in her automatic disbarment in this state pursuant to Judiciary Law § 90 (4) (a). Alternatively, AGC moves to impose discipline upon respondent based upon her federal conviction of a serious crime as defined in Judiciary Law § 90 (4) (d). Respondent has not replied to AGC's motion or otherwise submitted any documentation in mitigation.
Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in [Judiciary Law § 90 (4) (e)], shall upon such conviction, cease to be an attorney and counsellor-at-law." Felony offenses that suffice for automatic disbarment pursuant to Judiciary Law § 90 (4) (a) include "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]). The predicate foreign felony need not be a "mirror image" of the New York felony (Matter of Margiotta, 60 NY2d 147, 150 [1983]); rather, the felonies must have "essential similarity," which is determined through a comparison of the language of the applicable statutes along with any precedent pertaining to the foreign felony at issue (id.; see Matter of Dickstein, 105 AD3d 77, 79 [2013]).
AGC first contends that respondent's conviction for theft
by deception (see NJSA 2C:20-4 [a]) is essentially similar to grand larceny in the second degree (see Penal Law § 155.40). A comparison of the relevant statutes reveals their essential similarity, as "[t]he gravamen of [theft by deception in New Jersey] is purposely obtaining the property of another by creating, reinforcing or failing to correct a false impression with respect to that property, or by preventing another from acquiring information which would affect that person's judgment of the transaction," whereas, grand larceny in New York proscribes the wrongful taking of another's property, "with the intent to deprive the owner of the same, by conduct known as larceny by trick, embezzlement, or false pretenses, or larceny by a false promise of future conduct" (Matter of Salzer, 230 AD2d 101, 102 [1997] [internal citation omitted]; compare Penal Law § 155.05 [2] [a], [d] and Penal Law § 155.40 [1], with NJSA 2C:20-4 [a] and NJSA 2C:20-2 [b] [1] [a]). Moreover, respondent's criminal conviction satisfied the $75,000 monetary threshold for theft by deception rendering the offense a second-degree felony (see NJSA 2C:20-2 [b] [1] [a]), which would also satisfy the minimum property value delineated in Penal Law § 155.40 (1) (see People v Waugh, 52 AD3d 853, 854 [2008], lv denied 11 NY3d 796 [2008]). Accordingly, we find that respondent's conviction for theft by deception is a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (a) as an analogue felony (see Matter of DuBose, 132 AD3d 180, 183 [2015]; Matter of Salzer, 230 AD2d at 102; Matter of Mina, 218 AD2d 164, 166 [1996]).
We also find that respondent's New Jersey conviction for conspiracy in the second [*3]degree (see NJSA 2C:5-2; 2C:5-4 [a]) is essentially similar to the New York crime of conspiracy in the fourth degree (see Penal Law § 105.10 [1]). We note that a conviction for conspiracy in New Jersey will not satisfy the requirement of essential similarity in every instance, as Penal Law § 105.10 (1) contains the added requirement that the intended object of the conspiracy itself constitute a class B or class C felony in this state, which differs from the statutory requirements in New Jersey (see NJSA 2C:5-2; 2C:5-4 [a]). However, a review of the transcript of the jury verdict and the judgment of conviction in the instant matter establishes that the objective of respondent's conspiracy, among other things, was theft by deception in the second degree, which we have determined is essentially similar to grand larceny in the second degree, a class C felony in this state (see Matter of DuBose, 132 AD3d at 183; compare Penal Law § 155.40, with NJSA 2C:20-2 [b] [1] [a]). We therefore grant that part of AGC's motion asking this Court to confirm respondent's disbarred status by striking her name from the roll of attorneys nunc pro tunc to March 30, 2017 (see Matter of Goncalves, 161 AD3d 1377, 1379 [2018]; Matter of Craft, 158 AD3d 887, 889 [2018]).[FN2]
Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to March 30, 2017; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note respondent's failure to advise this Court of her conviction in the United States District Court for the District of New Jersey (see Judiciary Law § 90 [4] [c]). Moreover, respondent later failed to provide timely notice of her conviction in the Superior Court of New Jersey to this Court or the Attorney Grievance Committee for the Third Judicial Department in contravention of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (a).

Footnote 2: Because respondent's disbarment is automatic and we have confirmed her disbarred status, we need not address AGC's alternative request to discipline respondent based upon her conviction of a serious crime pursuant to Judiciary Law § 90 (4) (g).