Matter of Vitayanon (2019 NY Slip Op 04529)





Matter of Vitayanon


2019 NY Slip Op 04529


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019
[*1]
In the Matter of JACK SUDLA VITAYANON, an Attorney.
 ON MOTION
(Attorney Registration No. 4076022)

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Phillips Nizer LLP, New York City (Bradley D. Simon of counsel), for respondent.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2002 and currently lists a business address in Paterson, New Jersey with the Office of Court Administration. In December 2017, respondent pleaded guilty in the United States District Court for the Eastern District of New York to the crime of conspiracy to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine (see 21 USC § 841 [a] [1]; [b] [1] [A] [viii]; 21 USC § 846). Therefore, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves, pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR)
§ 1240.12 (a), to strike respondent's name from the roll of attorneys due to his felony conviction. In response to the motion, respondent has submitted an affidavit of counsel and accompanying personal affidavit expressing remorse for his misconduct and consenting to his disbarment by operation of law if this Court deems it appropriate.
Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and [counselor]-at-law who shall be convicted of a felony as defined in [Judiciary Law § 90 (4) (e)], shall[,] upon such conviction, cease to be an attorney and [counselor]-at-law." As is relevant here, felony offenses that suffice for automatic disbarment pursuant to Judiciary Law § 90 (4) (a) include "any criminal offense committed in any . . . territory of the United States and classified as a felony therein which[,] if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]). It is not necessary that the foreign felony be a "mirror image" of the New York felony; rather, the statutes need only be essentially similar to trigger automatic disbarment (Matter of Margiotta, 60 NY2d 147, 150 [1983]; see Matter of Goncalves, 161 AD3d 1377, 1379 [2018]). Accordingly, we begin our inquiry into essential similarity with a "comparison of the language of the applicable statutes along with any precedent pertaining to the foreign felony at issue" (Matter of Hand, 164 AD3d 1006, 1007-1008 [2018]).
AGC's motion asks this Court to strike respondent's name from the roll of attorneys based upon his conviction of conspiracy to distribute and possess with intent to distribute [*2]methamphetamine (see 21 USC § 846; see also 21 USC § 841 [a] [1]), which it contends is essentially similar to conspiracy in the second degree, a class B felony in New York (see Penal Law
§ 105.15). Pursuant to 21 USC § 846, a person is guilty of conspiracy when he or she conspires to violate the drug laws of the United States as contained in title 21, subchapter I of the United States Code (see 21 USC § 846; see United States v Praddy, 725 F3d 147, 153 [2d Cir 2013]). By comparison, a person is guilty of conspiracy in the second degree in New York when he or she, "acting with intent that conduct constituting a class A felony . . . be performed, agree[s] with one or more persons to engage in or cause the performance of such conduct, and that one of the coconspirators committed an overt act in furtherance of the conspiracy" (People v Rankin, 117 AD3d 1231, 1232 [2014]; see Penal Law § 105.15). Although the relevant statutes are similar, as they concern the essential elements of conspiracy, we must also consider the essential similarity of the substantive offense that constitutes the object of the conspiracy, which offense, in this state, determines the specific degree applicable to the conspiracy (see Matter of Hand, 164 AD3d at 1007-1008; Matter of DuBose, 132 AD3d 180, 183 [2015]; Matter of Carbonaro, 94 AD2d 299, 299-300 [1983]).
In this respect, AGC contends that 21 USC § 841 (a) (1), the object of respondent's conspiracy, is essentially similar to criminal possession of a controlled substance in the second degree, a class A-II felony in New York (see Penal Law § 220.18). The relevant portion of Penal Law § 220.18 provides that "[a] person is guilty of criminal possession of a controlled substance in the second degree when he or she knowingly and unlawfully possesses . . . one or more preparations, compounds, mixtures or substances containing methamphetamine, its salts, isomers or salts of isomers and said preparations, compounds, mixtures or substances are of an aggregate weight of two ounces or more" (Penal Law § 220.18 [2]). In comparison, the federal statute charged as the object of respondent's conspiracy makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance" (see 21 USC § 841 [a] [1]). Further, the federal statute delineates certain aggravated offenses based upon drug type and quantity that must be pleaded in the indictment and proven as elements of those offenses (see United States v Gonzalez, 420 F3d 111, 123 [2d Cir 2005]; United States v Thomas, 274 F3d 655, 673 [2d Cir 2001]).
Here, respondent was indicted and convicted of an aggravated drug offense, specifically, conspiring to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine (see 21 USC § 841 [a] [1]; [b] [1] [A] [viii]; 21 USC § 846). In this respect, the object of respondent's conspiracy constitutes a drug possession offense of a drug type and quantity that exceeds those specified in Penal Law § 220.18 (2), which therefore renders his federal conspiracy offense essentially similar to Penal Law § 105.15 (see Matter of Canton, 303 AD2d 902, 902 [2003]; Matter of McKeon, 211 AD2d 240, 241 [1995]). Based on our conclusion, respondent was disbarred by operation of law on the date of his guilty plea and, therefore, we grant AGC's motion and strike respondent's name from the roll of attorneys and confirm his disbarment nunc pro tunc to December 15, 2017 (see Matter of Percoco, 171 AD3d 1450 [2019]; Matter of Sherwood, 164 AD3d 1539 [2018]).
Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to December 15, 2017; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).